277 So.2d 709 (1973)
Ulysses Lincoln COLEMAN, III, Plaintiff-Appellant,
v.
Harry J. VAN DYKE et ux., Defendants-Appellees.
No. 12076.
Court of Appeal of Louisiana, Second Circuit.
May 1, 1973.
*710 Lunn, Irion, Switzer, Johnson & Salley, by Jack E. Carlisle, Jr., Shreveport, for plaintiff-appellant.
Feist, Schober & Howell, by James Fleet Howell, Shreveport, for defendants-appellees.
Before AYRES, BOLIN, and HEARD, JJ.
AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover damages for personal injuries, medical expenses for the treatment of his injuries, and for property damage to a motorcycle and other miscellaneous effects arising out of a motorcycleautomobile collision. Made defendants were Harry J. Van Dyke and Mrs. Nettie C. Van Dyke, the former because of his position as head and master of the community of acquets and gains existing between him and his wife, and the latter as driver of the automobile by virtue of her alleged negligence.
The trial court concluded that the operator of the motorcycle and the driver of the car were both negligent. Accordingly, on a basis of plaintiff's contributory negligence, his demands were rejected and from that judgment he appealed.
Involved in the accident in addition to plaintiff's motorcycle was defendants' 1966 model Ford Fairlane automobile, driven on the occasion by Mrs. Van Dyke. The accident occurred as both car and motorcycle proceeded easterly on Olive Street in the City of Shreveport. Olive Street is a two-lane street, a separate lane for traffic proceeding in each of the opposing directions. The accident occurred at the entrance to a parking lot located on the south side of Olive Street as Mrs. Van Dyke attempted a right turn into the lot.
Before arriving at the scene of the accident, both vehicles were required to stop in compliance with an unfavorable signal at the intersection of Olive Street with Creswell Avenue. Thereafter, the driver of the car continued easterly on Olive Street followed by the motorcycle, generally to the rear but sometimes alongside the car adjacent to the curb. Thus both vehicles occupied the same traffic lane. Prior to the collision, Mrs. Van Dyke attempted to locate the motorcycle. She did not see it through her rearview mirror nor by looking over her right shoulder to the rear. She therefore presumed that the motorcycle had turned to its right in a southerly direction on Creswell and had not followed her beyond that intersection. After reducing speed from her normal rate of 25 m. p. h., Mrs. Van Dyke attempted a turn into the parking lot. Her front wheels reached at least as far as the sidewalk or the edge of the parking lot. In that position, the right side of the front of her automobile was struck by the motorcycle, after which *711 the motorcycle continued and came to rest in the parking lot.
In view of the conclusions reached with respect to plaintiff's negligence, at least contributing to the cause of the accident, it is unnecessary to resolve the issues with regard to the charges of negligence directed to Mrs. Van Dyke.
Negligence charged to plaintiff as the sole or contributing cause of the accident included an acceleration of an already unlawful speed of his motorcycle in an attempt to pass to the right of the automobile and in thus crashing into its right side, following the forward vehicle too closely, failing to maintain a proper lookout, and not keeping his motorcycle under control.
A primary issue on this appeal is a question of plaintiff's negligence as a factor in contributing to the accident.
A motorist approaching a motor vehicle from the rear while both vehicles are traveling in the same direction is under a duty to exercise great care, sometimes referred to as extraordinary care. Burns v. Evans Cooperage Co., 208 La. 406, 23 So.2d 165 (1945); Emmons v. Bertucci, 163 So.2d 814 (La.App., 4th Cir. 1964); Johnson v. Wilson, 97 So.2d 674 (La.App., 1st Cir. 1957); Washington Fire & Marine Insurance Co. v. Bradford, 96 So.2d 332 (La.App., 2d Cir. 1957writs denied); Myers v. Traders & General Insurance Company, 81 So.2d 130 (La.App., 2d Cir. 1955); Ravare v. McCormick & Co., 166 So. 183 (La.App., 2d Cir. 1936).
As was observed by the Supreme Court in the Burns case, in holding negligent the driver of an overtaking vehicle who failed to maintain a proper lookout and to observe the slowing of a forward vehicle in preparation of a turning movement:
"It is the duty of the driver operating an automobile, upon approaching another automobile from the rear while both cars are traveling in the same direction, to exercise a great deal of care. He must look out for the person ahead, realizing that that person is engaged in handling a high-powered machine requiring constant attention and that his lookout is forward and not backward. The driver of the rear car must keep a safe distance behind the front car and must have his machine under such control as to avoid injury to the car ahead or to his own car so long as the driver of the front car is driving in accordance with his rights."
23 So.2d 165, 169.
In the Ravare v. McCormick case, this court took the occasion to emphasize the "Law of the Road" to be that one who attempts to pass a vehicle on the road is called upon to exercise an extraordinary degree of care. 166 So. 183, 185.
The evidence in this case shows that plaintiff was not operating his motorcycle in accordance with the aforesaid rules. He was following too closely, sometimes to the right and alongside the forward vehicle which was being driven in its proper lane of travel. By the position of plaintiff, defendant's view of his presence was at times obscured.
For these reasons, we find no manifest error in the trial court's conclusion that plaintiff-motorcyclist was guilty of contributory negligence in following the forward vehicle too closely and in attempting to pass the vehicle to its right without first ascertaining that such movement could be made in safety. His dereliction of duty in this respect, his lack of attention or circumspection, and his heedless and reckless disregard not only for his own safety but for that of others were substantial factors in contributing to the occurrence.
The judgment appealed is accordingly affirmed at plaintiff-appellant's costs.
Affirmed.