371 So.2d 1213 (1979)
Paula G. McMILLAN
v.
The TRAVELERS INSURANCE COMPANY.
No. 12595.
Court of Appeal of Louisiana, First Circuit.
April 16, 1979.
Johnnie Jones, Baton Rouge, of counsel for plaintiff-appellant Paula G. McMillan.
John S. Campbell, Baton Rouge, of counsel for defendant-appellee The Travelers Insurance Company.
Before ELLIS, LOTTINGER and BAILES, JJ.
BAILES, Judge.
This suit originated as a claim for certain benefits and for statutory penalties and attorney's fees allegedly due under a policy of group health insurance. The issue as to benefits due has been resolved since its filing and only the claim for penalties and attorney's fees remains.
During 1977, the plaintiff was employed by Corporate Communications Group, Inc., *1214 and worked at Television Channel 33 in Baton Rouge, Louisiana. At that time, her employer had in force a policy of group health insurance for its employees with the defendant herein, the Travelers Insurance Company.
In May, 1977, Ms. McMillan submitted a claim under that policy for the payment of certain medical expenses incurred by her for foot surgery. When payment had not been received by August 10, 1977, this suit was filed. The district judge dismissed the plaintiff's claim after trial on the merits. We affirm.
The testimony indicates that the plaintiff had submitted a number of claims to the defendant for payment prior to this one and that she had come to know Carolyn Faye Cain, the defendant's employee who had processed her previous claims. They had met in person and had spoken over the telephone several times.
On May 9, 1977, the information on this claim was received in the defendant's Baton Rouge office. As indicated by her file, it was thereafter processed by Ms. Cain and on May 16, two checks for the full amount of the claim, payable to the plaintiff, were forwarded to Channel 33. At that time, it seems that the plaintiff was on leave from her duties at the station and that she thereafter resigned without returning to work.
However, within a week of mailing the checks, Ms. Cain did receive a telephone call from the plaintiff who had not yet received the checks. She testified that she told Ms. McMillan that they had been sent to the station and that she should check there, and suggested that if she had not received them in a week to call her and she would issue a stop payment on the checks. She further stated that the plaintiff did not call her again and that the next contact that she had with the matter was when this suit was served on her employer.
In the meantime, the checks were received at Channel 33 by Mrs. Cynthia Wooley who regularly handled the insurance claims for the station. In her testimony she stated she specifically remembered the two checks and related that since the plaintiff was not at work, she called her apartment on several occasions to let her knew that she had them, but that she was unable to get an answer. She then inquired of the news director at the station as to her last known mailing address, and mailed the checks to that address, all of which she recalled doing because she did not want the checks left at her desk.
The checks were apparently lost in the mail, as they were never received by appellant and they were never returned to the station or cashed.
The plaintiff testified that she contacted the Travelers' office on more than one occasion by telephone when the checks did not arrive but that she had no other contact with the defendant. Her attorney, who is plaintiff's husband, neither called or wrote the defendant prior to filing suit.
The plaintiff claims penalties and attorney's fees as provided in R.S. 22:657, to-wit:
"A. All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court. The district court of the parish where the insured lives or has his domicile shall have jurisdiction to try such cases.

*1215 "B. All claims for accidental death arising under the terms of health and accident contracts where such contracts insure against accidental death shall be settled by the insurer within sixty days of receipt of due proof of death and should the insurer fail to do so without just cause, then the amount due shall bear interest at the rate of six percent per annum from date of receipt of due proof of death by the insurer until paid."
Under the terms of this statute, no penalty or attorney's fee will be assessed an insurer if payment is timely made. In its oral reasons for judgment, the trial court reviewed the evidence that had been presented and concluded that payment had been made by the defendant within the time period required by the statute and that the plaintiff had failed in its burden to prove that any error or fault was attributable to the defendant.
The evidence sustains that conclusion. Exhibits J-3 and J-6 affirmatively show that the claim was processed and that the checks in payment of the claim were issued by Travelers on May 16, 1977, one week after being received by the insurer. The testimony of Ms. Cain and Mrs. Wooley concerning the procedure used in this and other cases by their employers stands unrebutted in the record.
The credibility of the witnesses is best judged by the trier of fact and his judgment in that regard will not be disturbed unless clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La. 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In Tingle v. Reserve Life Insurance Company, 260 So.2d 333 (La.App. 2 Cir. 1972), the court observed:
"The remaining issue to be resolved is plaintiff's entitlement to penalties and attorney's fees for defendant's alleged arbitrary and capricious refusal to pay the claim. LSA-R.S. 22:657 provides that an insurer shall pay claims arising under health and accident contracts within thirty days after proof of a claim `unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist.'
"As to whether or not just and reasonable grounds exist is purely a factual matter and each case must be considered on its own facts and circumstances. The trial judge found the actions of defendants in the instant case not to warrant the imposition of penalties and attorney's fees, and unless his determination is manifestly erroneous, we will not disturb same."
The trial judge found the defendant's witnesses to be credible and the procedure for the payment employed in this case to be adequate. Its decision is not clearly wrong.
Accordingly, the judgment of the trial court is affirmed; all costs of this appeal to be paid by appellant.
AFFIRMED.