385 So.2d 430 (1980)
Fred BOSLEY
v.
Joyce and Gary HEBERT, d/b/a the Greater Plaquemine Post.
No. 13313.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
Raymond L. Simmons, Baton Rouge, for plaintiff-appellant Fred Bosley.
Houston C. Gascon, III, Plaquemine, for defendant-appellee Joyce and Gary Hebert, d/b/a The Greater Plaquemine Post.
Before COVINGTON, LOTTINGER and COLE, JJ.
COLE, Judge.
Fred Bosley appeals the dismissal of his suit for defamation against Joyce and Gary *431 Hebert, d/b/a The Greater Plaquemine Post. He also complains of the trial court's failure to issue written or oral reasons for judgment.
This case arises out of two articles which were published in The Greater Plaquemine Post. Appearing in the February 24, 1977 edition was the following statement:
Booked last week for theft were Fred Bosley, 32, and Darryl Green, 20, both of Plaquemine. Bosley was charged with "theft, by issuing worthless checks."
The second article complained of appeared in the next edition of the weekly newspaper. It was entitled "Post Article Was in Error" and consisted of the following:
An article in last week's POST incorrectly identified Fred Bosley as the man arrested by sheriff's deputies for theft by issuing worthless checks.
Bosley was booked for theft. Booked for theft by issuing worthless checks, according to a report by Sheriff Jessel Ourso, was Darryl Green.
Although denied by plaintiff, it was conclusively proved he was arrested and booked for theft. He was accused by his mother-in-law of theft of a washing machine. The charges against him were terminated before trial.
Louisiana jurisprudence lists the following elements of a cause of action for defamation: (1) defamatory words, (2) publication, (3) falsity, (4) malice, actual or implied, and (5) resulting injury. Slocum v. Webb, 375 So.2d 125 (La.App. 3d Cir. 1979); Trahan v. Ritterman, 368 So.2d 181 (La. App. 1st Cir. 1979).
It is well established that truth or substantial truth is a defense to a defamation suit. Rosen v. Capital City Press, 314 So.2d 511 (La.App. 1st Cir. 1975).
Since it is true plaintiff was arrested and booked for theft, he cannot recover damages for the publication of that fact.
The only falsity contained in the articles was that the theft was by issuing worthless checks. Plaintiff has not shown that any humiliation, mental suffering or injury to his reputation was caused by this inaccuracy, apart from that caused by the publication of his arrest for theft. Plaintiff testified that following the publication of the articles he had been shunned by various people. But there is no evidence which connects this ostracism with the fact that it was thought his arrest was for theft by issuing worthless checks instead of theft by some other means. O'Neil Bosley, plaintiff's brother, was the only other witness who testified relative to the effect of the newspaper articles on his brother. He testified he heard only members of his family and his wife's family discussing the first article. He stated they all knew it was not true because they knew plaintiff had never had a checking account. Our review of the evidence convinces us plaintiff failed to prove he was injured by the false statement in the first article. Absent competent evidence concerning injury, there is no support for an award in this case. Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).
The trial court, after taking the case under advisement, rendered judgment for defendants without giving any reasons other than the statement in the judgment that "plaintiff has failed to carry the burden of proof by a preponderance of the evidence." Plaintiff admits his request for written reasons filed after rendition of judgment was not timely. Charles Ragusa & Son v. Community State Bank, 360 So.2d 231 (La.App. 1st Cir. 1978); C.C.P. art. 1917. However, he argues that a judgment rendered without any statement of reasons is unconstitutional. In support, plaintiff cites Caston v. Argonaut Insurance Company, 244 So.2d 320 (La.App. 1st Cir. 1970), which relied on Article 7 § 1 of the 1921 Constitution. This constitutional provision required "judges of all courts [to] refer to the law and adduce the reasons on which every definitive judgment is founded." We note this provision is no longer in effect as it was not included in the 1974 Constitution. Nor do we think there has been a violation of the due process clause of the 1974 Constitution. Due process is afforded by Code of Civil Procedure *432 article 1917, which gives a litigant the opportunity to obtain written reasons for judgment. After failing to take advantage of this provision, plaintiff cannot be heard to complain.
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.