SWIFT, Judge.
In this tort action the defendant appeals from a judgment finding it liable for bodily injuries sustained by the plaintiff in a collision in which the defendant’s cow was struck by the plaintiff’s automobile. We affirm.
The plaintiff, Lester Brown, was driving west on U.S. Highway 90 in the early morning hours of May 21, 1977, when he struck and killed a cow owned by the defendant, Farmers Land & Canal Company, Inc. (Farmers). At this point the facts are in serious dispute. The plaintiff contends that this collision caused extensive property damage to his automobile and severe bodily injuries to him which permanently disabled his left arm. The defendant contends that Brown waá not injured in the impact with the cow and he proceeded to drive approximately six miles further, leaning out his left window to see as his front view was obscured by the badly crumpled hood of his ear. Then, a second accident occurred wherein an unknown vehicle sideswiped the Brown automobile and caused his bodily injuries.
The jury rejected the defendant’s version of events, and rendered a verdict in favor of the plaintiff in the amount of $200,-000.00.
On appeal, Farmers does not question its liability for the first accident and the physical damages to the automobile, although no demand therefor was made in the plaintiff’s petition. It specifies as error the trial court’s findings that plaintiff’s bodily injuries were sustained in the collision with Farmers’ cow and that Mr. Brown was not contributorily negligent.
Farmers’ position is based primarily on the testimony of Janice Nixon, who was a guest passenger in the automobile on the night in question. Miss Nixon testified that Mr. Brown was not injured by the impact with the cow. Instead, he continued to drive on about six miles with his left arm out of the car window, where he was sideswiped by an unknown vehicle and sustained his injuries.
Mr. Brown, on the other hand, testified there was only one accident. At the time of the collision with the cow he saw the lights of an oncoming car a good distance away, but the other vehicle did not strike his automobile.
While there are several inconsistencies and discrepancies in the testimony of both of these persons and some unresolved questions may remain from the evidence as a whole, the jury apparently believed Mr. Brown’s testimony that his injuries were sustained as a result of the impact with the cow.
It is, of course, well settled that the credibility of the witnesses is best judged by the triers of fact and their judgment in that regard will not be disturbed unless clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); McMillan v. Travelers Ins. Co., 371 So.2d 1213 (La.App. 1 Cir. 1979).
Miss Nixon’s testimony was confused and uncertain. She admitted she had been drinking, that she did not know where the accident occurred or in which direction she was traveling when it happened. Animal hair and blood were found along the driver’s side of Mr. Brown’s vehicle. Further, the plaintiff’s physician, Dr. William Akins, testified that if Mr. Brown’s arm was resting out of the car window the impact with the cow could have caused his injuries, as well as an impact with a side-swiping vehicle.
From our review of the record, while we must admit some doubt that the plaintiff’s injuries were sustained in the collision with the defendant’s cow, we are unable to conclude that the jury’s factual finding in this respect was clearly wrong. Therefore, under our system of appellate review enunciated in Canter and Arceneaux, we must affirm.
As heretofore stated, the appellant does not question its liability for the damages that resulted to plaintiff from striking the cow on this “stock law” highway. LSA-R.S. 3:2803. Also, it has not attacked the-amount of the jury award as being beyond *761 the upper limit of its discretion. Consequently, we have not considered that issue.
For the foregoing reasons, the judgment of the district court is affirmed. All costs are assessed against defendant-appellant.
AFFIRMED.