LEAR, Judge.
This case involves a death claim under the Louisiana workmen’s compensation act, the issue being whether or not the decedent suffered an “accident” during the course and scope of his employment as defined by said act.[1]
When plaintiff rested his case at a trial on the merits, the court, on motion of defendant, granted a directed verdict dismissing plaintiff’s suit. Plaintiff appeals specifying three errors by the trial court, these being, first, that the court used the failure by plaintiff to sustain the burden of proof standard, rather than, the standard of whether the evidence was such that a reasonable and fair-minded man could have arrived at a verdict in favor of plaintiff; secondly, that the opinion of the court was contrary to the law and the evidence; and lastly, that the court was in error in excluding testimony of a psychologist.
*751 The facts show that on the morning of his death, plaintiff’s husband, Burnell Heatly, arrived at work at approximately 7:00 a. m. He notified his supervisor that he thought the front end of his concrete truck was out of alignment and was advised to take the truck to the maintenance shop, a fifteen to twenty minute drive, for inspection. Shortly after 9:00 a. m., Mr. Heatly was found dead on the floor of the maintenance shop and according to the death certificate had suffered a cardiac arrest.
Appellant cites as authority for his first assignment of error the case of Campbell v. Mouton, 373 So.2d 237, La.App. 3rd Cir. (1979). This case involved a trial by jury. The instant case was trial by judge rather than jury and Campbell does not apply. In civil cases, tried without a jury, the trial judge has the responsibility to weigh and evaluate all evidence and render a decision based upon a preponderance of evidence. Sevin v. Shape Spa for Health & Beauty, Inc., 384 So.2d 1011, La.App. 4th Cir. (1980). In a jury trial, the jury rather than the judge is the trier of fact. At the conclusion of plaintiff’s evidence, the judge’s determination rests solely upon whether or not a factual dispute exists which must be resolved by the jury. In a non-jury trial, the judge is the trier of fact and at the conclusion of plaintiff’s evidence must decide whether or not plaintiff has made out a prima facie case.
The second alleged error is a conclusion. The issue here focuses upon whether or not there was any causal connection between the “accident” and death. Generally, in these types of cases, the courts look at the work being performed by the employee at the time he suffers a stroke or heart attack. In the instant case, the decedent was apparently waiting for his truck to be repaired and was not engaged in stress or heavy work. Decedent had a history of treatment for hypertension, arteriosclerosis and congestive heart failure. Based upon the evidence presented by plaintiff, the court was of the opinion that plaintiff had not carried the burden of proving that the death was job related. There is nothing in the testimony of Dr. Zimmerman, a psychologist, nor in the proffer, which convinced the trial court, nor this court, that decedent was suffering from a high state of anxiety created by driving his truck some ten miles to the maintenance shop. Therefore, we find no merit to plaintiff’s third assignment of error.
For the above reasons, the judgment of the trial court is affirmed, appellant to pay all costs.
AFFIRMED.

. The Louisiana Workmen’s Compensation Act, L.R.S. 23:1031, states in pertinent part:
“If an employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.”