KLIEBERT, Judge.
Car Parts, Inc., plaintiff-appellant, established a business relationship with B & B Auto Parts, defendant-appellee, in 1973. Basically, Car Parts, Inc. furnished car parts, etc. to B & B Auto Parts for retail sale. Sometime in 1978, Car Parts started slowing down its wholesale auto parts business. Finally, in November, 1978, Car Parts ceased doing business. Thereafter, it brought this suit to collect an outstanding balance of $589.05 from B & B Auto Parts. B & B Auto Parts refused to make payment, but offered to return defective warranty merchandise which it had re-acquired from its customers and new merchandise still in the original boxes. Car Parts refused to accept the merchandise and filed this suit. After trial on the merits, the trial court dismissed the plaintiffs suit. It brought this appeal.
The resolution of the dispute turns on the acceptance or rejection of the defendant’s contention as to the terms and conditions of an agreement between the litigants. The defendant contends that throughout the five years he did business with the plaintiff he could and did return merchandise for credit for either of three reasons (1) if defective (2) for semi-annual stock adjustments and (3) non-saleable or slow moving items. According to his testimony, Borde-lon customarily did business by exposing parts on a shelf or display case. When a customer purchased an item later found to be defective, he would refund the purchase price to the customer and return the merchandise to the wholesaler to receive credit for same. If the parts exposed for sale became obsolete or were not saleable, he would return them to the plaintiff for credit. His wife appeared and corroborated his testimony.
The plaintiff is a corporation. Its president, Mr. Grundmeyer, and its vice-president, Mr. Hallenus, appeared and testified. Mr. Grundmeyer had been the active manager of Car Parts, Inc. from the time it started doing business with Mr. Bordelon to August 1975. Mr. Hallenus became the active manager after August 1975. They denied there was an agreement under which Bordelon could return slow moving or unsaleable merchandise.
From the record, it is apparent the crux of the case rests on credibility — that is, whose testimony the trial judge found to be more creditable. After having heard the testimony and observing the witnesses, the trial judge dismissed the plaintiff’s suit. Apparently, therefore, he accepted defendant’s version of the agreement rather than that of the plaintiff.
Credibility of witnesses is particularly a matter over which the trier of fact has much discretion. Dupre v. South Central Bell Tel. Co., 318 So.2d 145 (La.App. 3d Cir. 1975); Le Blanc v. Cordaro, 378 So.2d 1027 (La.App. 2d Cir. 1979). A trial court’s judgment in regard to credibility of witnesses will not be disturbed unless clearly erroneous. McMillan v. Travelers Insurance Company, 371 So.2d 1213 (La.App. 1st Cir. 1979). We cannot say the trial judge’s findings were erroneous.
In rendering his judgment, the District Judge failed to order the merchandise originally tendered to the plaintiff returned. Counsel for the defendant in argument stated it was the intent and desire of the defendant to return the merchandise. Accordingly, the judgment of the district court is amended so as to order the defendant to- return to the plaintiff the merchandise originally tendered to him and as so amended, is affirmed.
AMENDED AND AFFIRMED.