GUIDRY, Judge.
Plaintiff-appellant, Willie O. Nash, filed this suit seeking a declaratory judgment decreeing that a policy of liability insurance issued by defendant, Western Casualty and Surety Company (hereafter Western) to Leonard Johnson provided coverage for property damage sustained by Nash as a result of a fire which destroyed plaintiff’s home. From a judgment of the trial court dismissing his claims, Nash has perfected this appeal. We affirm.
The record discloses that plaintiff made an application to the Natchitoches Parish Housing Authority for a grant to make certain improvements to the Nash residence. On January 17, 1979, a work agreement was signed by Nash, Leonard Johnson, the contractor, and Louis Reno, the director of the aforementioned Housing Authority. In addition to work not pertinent to this discussion, the agreement provided that Johnson was to install three heaters and connect any unconnected used heaters present in plaintiff’s house. After Johnson completed his work, plaintiff signed a document entitled, “Owner’s Acceptance of Rehabilitation Work” which served as an ac-knowledgement by plaintiff that the pro *122 posed work was completed to his satisfaction. On February 26, 1979, approximately three weeks following acceptance of the work, a fire completely destroyed the Nash residence. Subsequently, plaintiff filed suit against Leonard Johnson, the contractor, alleging that Johnson’s negligent installation of the heaters caused the fire which destroyed his home. Johnson failed to answer that suit and a default judgment was rendered against him in favor of Nash in the sum of $84,990.74.
Plaintiff then filed the instant suit seeking a declaration that the loss sustained by him was covered by an insurance policy issued to Johnson by Western.
The trial court determined that the fire originated in the living room of the Nash residence.[1] Further, the trial court concluded that the heater in the living room was installed and in operation at the time that Johnson commenced his work at the Nash residence. Thus, the lower court determined that plaintiff had not proved that the sole and proximate cause of the fire was Johnson’s improper installation and venting of the space heater in the living room. Since the trial court concluded that the fire which resulted in plaintiff’s damages was not caused by negligence on the part of the named insured under the liability policy issued by the defendant, the lower court did not reach the issue of whether or not Johnson would have been covered under the subject policy had he been negligent.
The sole issue on appeal is whether or not the trial court was clearly wrong in its conclusion that Leonard Johnson, the named insured under the insurance policy issued by the defendant, did not install or connect the space heater which caused the fire which destroyed plaintiff’s residence.
A review of the record discloses that there exists a direct conflict in the statements of witnesses called to testify in the instant suit. Mr. Louis Reno, the Director of the Natchitoches Parish Housing Authority, stated that plaintiff expressed his com-píete satisfaction with the work done by Johnson on his home. Further, Reno testified that the only work done on the Nash residence was that specifically stated in the “work write-up”. We observe that that document makes no reference to the installation of a space heater in the Nash living room. Reno additionally stated that he observed upon a visit to the Nash home that the heater in the living room was installed and already in operation prior to the time that Johnson commenced his work. Contrary to Reno’s testimony is that of the plaintiff. Nash stated unequivocally that Johnson connected the living room heater and that he informed both Reno and Johnson of his displeasure with the manner in which the living room heater was connected and expressed his concern for the fact that the heater was not properly vented.
The role of the appellate court in reviewing the factual conclusions of the trial court is well settled. The standard of review as enunciated in Canter v. Koehring Company, 283 So.2d 716 (La.1973) and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) provides that the factual determinations of the trier of fact must not be disturbed unless a review of the trial record indicates that its conclusions are manifestly erroneous or clearly wrong. Our court in Harris v. Landry, 345 So.2d 242 (La.App. 3rd Cir. 1977), writ refused, 347 So.2d 262 (La.1977), stated:
"... where there is substantial conflict in the testimony, reasonable evaluation of credibility and reasonable inferences of fact made by the trier of fact, ..., should not be disturbed on appeal in the absence of manifest error. Pennington v. Panepinto, 328 So.2d 812 (La.App. 1st Cir. 1976)
See also, Reed v. Henry, 343 So.2d 457 (La.App. 3rd Cir. 1977); McMillan v. Travelers Insurance Company, 371 So.2d 1213 (La.App. 1st Cir. 1979).
We conclude that the trial court is in the best position to judge the credibility and *123 demeanor of the witnesses and after reviewing the record in the instant case, we discern no “manifest error” on the part of the trial court. We need not reach the issue of whether or not the insurance policy issued by Western to Leonard Johnson is applicable to the present circumstances because we concur with the trial court’s conclusion that plaintiffs damages were not caused by the alleged negligence of Johnson.
For the above and foregoing reasons, the judgment of the trial court dismissing plaintiff’s suit is affirmed. All costs of this appeal are assessed against the plaintiffs-appellants.
AFFIRMED.

. There appears to be no dispute among the parties that the fire did originate in the living room of the Nash residence and that the fire was caused by the space heater located in that room.