413 So.2d 559 (1982)
Calvin BATISTE
v.
Conway GUITEAU, Jr., et al.
No. 14547.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
Writ Denied May 17, 1982.
*560 Joseph H. Simpson, Amite, for plaintiff.
Curtis M. Baham, Jr., Hammond, and George M. Pierson, Baton Rouge, for defendants.
Before EDWARDS, LEAR and CHIASSON, JJ.
LEAR, Judge.
This lawsuit arose from a dispute between Calvin Batiste and Conway Guiteau, Jr., concerning the sale of lumber by Guiteau to Batiste. The record indicates that sometime in the early part of July, 1979, Batiste purchased certain items of lumber from Guiteau. At the time of the sale the parties agreed that Batiste would take the lumber and return within a few days to pay for it. Batiste did return as promised, however, he paid Guiteau the sum of $208.00 only, leaving a balance of $277.00. The testimony differs as to the number of conversations the parties had with each other regarding payment of the balance due. There is, however, no dispute between the parties that the balance due to Guiteau was never paid.
*561 On August 31, 1979, Guiteau instructed five of his employees (who are also named as defendant's in Batiste's suit) to go to Batiste's premises and remove the lumber, which Batiste had used to build a concert stage. The five Guiteau employees did, in fact, on that day go to the Batiste premises and remove the lumber, causing damage to certain other property owned by Batiste. In their testimony, Guiteau and his five employees admitted that they went onto Batiste's premises and removed the previously purchased lumber without Batiste's knowledge or permission. Thereafter, Batiste filed certain criminal charges against Guiteau and the five employees, causing Guiteau to be arrested for receiving stolen property and the five employees to be charged with trespassing.
Being a rural area, and the fact that the parties were well known, a good deal of publicity was given to these incidents, both in the newspapers and on the radio. Subsequently, Guiteau published a letter in several area newspapers and had the letter read over at least two area radio stations. Guiteau testified that his motive in writing the letter was to respond to the adverse publicity surrounding this event and his arrest and to "set the record straight" and "tell his side of the story" with regard to this entire event. In addition to discussing the facts concerning the removal of the lumber from Batiste, his arrest and the political aspect of this incident, Guiteau's letter to the editor did state that Batiste had failed to pay a debt owed to him (Guiteau). At that time Batiste had also written a letter to the editor explaining his version of this incident.
Apparently Mr. Guiteau had supported the district attorney in his election campaign, and for this reason the district attorney recused himself from this prosecution and the matter was then turned over to the Louisiana Attorney General. In April and May of 1980 Batiste wrote two letters to local newspapers, commenting on the fact that, as of that time, Guiteau and the other defendants had not been brought to trial on the criminal charges. The substance of these letters concerned the Attorney General's actions, and mentioned Guiteau and the other defendants only incidentally.
In May of 1980 Batiste filed a civil suit for damages against Guiteau and the five employees who had come to his business premises and removed the lumber he had purchased from Guiteau. The suit claimed damages for trespassing, destruction of Batiste's stage, conversion of the lumber and other materials, loss of future business income, defamation, slander and libel, racial discrimination and political persecution. The defendants answered Batiste's suit and reconvened for damages, alleging false arrest, incarceration and defamation of character. Guiteau also reconvened for the unpaid balance on the sale of the lumber. After defendant's reconventional demand was filed, plaintiff amended his petition to allege that he was entitled to attorney fees and punitive damages with regard to his defamation suit and also sought attorney fees for the defense of the reconventional demand filed by defendants for defamation, in the event that they were unsuccessful. Prior to trial, defendants voluntarily dismissed their reconventional demand with regard to the malicious prosecution.
After a bench trial on the merits, the plaintiff was awarded general damages in the amount of $2,500.00 for the conversion and trespass and $763.00 in special damages for the destruction of his property. On the reconventional demand defendant was awarded $277.00 for the unpaid balance of the lumber sold to plaintiff and defendants' defamation suit was dismissed. The trial court also rejected plaintiff's demands for attorney fees with regard to both the prosecution of his defamation suit and the defense of the reconventional demand for defamation filed against him.
On appeal, plaintiff assigns the following errors:
1. The trial court erred in its finding of fact that this case arose out of a Tangipahoa Parish election feud;
2. The court erred when it found that the notebook entered into evidence was self-serving and obviously constructed *562 after the events for purposes of trial and that no other competent supportive evidence was introduced, and did not award damages for loss of future business;
3. The court erred in finding that there was no actionable defamation;
4. The court erred in not awarding attorney fees to the plaintiff where the defamatory action was made with knowledge of its falsity or with reckless disregard of whether or not it was false;
5. The court erred in not awarding plaintiff attorney fees for the defense of the reconventional demand of defendants on libel and slander;
6. The court erred in giving a joint award for conversion and trespass, and the award itself was totally insufficient for the damages done to plaintiff.

ELECTION FEUD
While we are not certain of the relevancy of the court's finding that "this case arises out of a Tangipahoa election feud", we believe that this factual finding of the trial court is supported by the evidence. In any event, we do not believe that this factual finding was in fact adverse to plaintiff. For the reasons stated below, we believe that, even if this factual finding was incorrect, it would be merely harmless error.

LOSS OF FUTURE BUSINESS INCOME
In his written findings, the trial judge stated as follows:
"Plaintiff's testimony as to his loss of future earnings is speculative and uncorroborated. The notebook which he entered into evidence is self-serving and obviously constructed after the events for purpose of trial. No income tax returns or other competent supportive evidence was introduced. Plaintiff is presently well employed, making more than he ever has. Any effects of the wrongful acts of the defendants were not long lasting."
Plaintiff testified that he had scheduled concerts for August 31 and September 1 and 2. When asked if he had any bands booked for the future, plaintiff stated that "I wouldn't say whether it was booked or not but we had everything lined up for." Plaintiff further testified that he was "lining this up" with Larry Jones, an agent from New Orleans.
The only evidence found in the record to support this claim is a notation in plaintiff's business ledger which reads as follows:
"Next concerts Aug. 31, 1, 2. Get in touch with Larry to work out final details before Aug. 30, 1979 to make sure everyone will perform on these dates Aug. 31, 1, 2, time of concert 8:00 p. m. until"
It is well settled that the credibility of witnesses is particularly a matter as to which the trier of fact has much discretion and the trial court's judgment in regard to credibility will not be disturbed unless clearly erroneous. Car Parts, Inc. v. Bordelon, 398 So.2d 35 (La.App. 4th Cir. 1981); Steib v. Schwegmann Bros. Giant Supermarkets, Inc., 396 So.2d 464 (La.App. 4th Cir. 1981); McMillan v. Travelers Insurance Company, 371 So.2d 1213 (La.App. 1st Cir. 1979).
Plaintiff did not introduce any evidence as to whether these final details had been worked out, whether contracts had been signed, or even the names of the bands which were to perform. Further, plaintiff failed to produce the agent, Larry Jones, or any other corroborative evidence. Under these circumstances, we find that the trial court did not err either in its factual finding concerning the ledger evidence introduced by plaintiff or in its failure to award damages for loss of future business income. These findings are supported by the evidence.

DEFAMATION
Plaintiff's suit also claims damages for defamatory statements allegedly made by Guiteau in a letter published in various newspapers and aired by a number of radio stations in Tangipahoa Parish. This letter, titled "Thief or victim of political harrassment? *563 You be the judge", and subtitled "A factual account by Conway Guiteau, Jr.," was written in response to the publicity surrounding the sale and removal of Batiste's lumber and Guiteau's subsequent arrest. The letter claims that Batiste purchased lumber from Guiteau, promising to pay for the lumber the following Monday, that Batiste failed to do so, and that he later paid only $208.00 of the purchase price, leaving a balance of approximately $275.00.
Batiste claims that he was defamed by Guiteau's statement in this letter that he (Batiste) did not pay a debt which he owed.
Louisiana jurisprudence lists the following elements of a cause of action for defamation; (1) defamatory words, (2) publication, (3) falsity, (4) malice, actual or implied, and (5) resulting injury. Bosley v. Hebert, 385 So.2d 430 (La.App. 1st Cir. 1980); Slocum v. Webb, 375 So.2d 125 (La. App. 3rd Cir. 1979); Trahan v. Ritterman, 368 So.2d 181 (La.App. 1st Cir. 1979). Further, it is well established that truth or substantial truth is a defense to a defamation suit. Bosely v. Hebert, supra; Rosen v. Capital City Press, 314 So.2d 511 (La. App. 1st Cir. 1975). Since plaintiff himself admitted that Guiteau's statement with regard to the nonpayment of the debt was true, and the court specifically found that this was true and, in fact, rendered judgment in defendant's favor with regard to the unpaid balance, plaintiff cannot recover damages for the publication of that fact. We also note that the letter published by Guiteau did not state that plaintiff generally does not pay his debts, but rather, Guiteau confined this statement to this one particular occurrence. Again, as the trial court found, we believe that these statements were made by Guiteau without malice and to merely state his version of the facts and to counter the prior adverse publicity.
Plaintiff argues that, because defendant did not specifically plead the defense of truth, the truth of the matter cannot serve to defeat plaintiff's defamation action. We note, however, that all of the testimony concerning the truth of defendant's statement was received in evidence without objection. Under the provisions of La.C.C.P. art. 1005, the pleadings were enlarged by the evidence adduced without objection and the trial court properly considered the evidence. Durham v. Evans, 377 So.2d 423 (La.App. 2nd Cir. 1979). For these reasons we hold that the trial court was correct in finding no actionable defamation by defendant Guiteau.

ATTORNEY FEES
Plaintiff assigns error in the trial court's failure to award him attorney fees in connection with his defamation action. As he was unsuccessful in that action, he is not entitled to an award of attorney fees.
Plaintiff also complains of the trial court's failure to award him attorney fees for the defense of the reconventional demand by defendants for defamation.
La.C.C. art. 2315.1(B) provides that, where a plaintiff in an action for defamation does not prevail, and judgment is rendered in favor of the defendant, the court, if it determines the action was frivolous, may award "reasonable attorney's fees" to the defendant. Although art. 2315.1 was repealed by the legislature, the effective date of which was September 12, 1980, this provision was in effect in May, 1980, when defendants filed their reconventional defamation action against plaintiff.
Although the court did not make a specific finding that defendants' reconventional demand was frivolous with regard to the defamation, our reading of the record leads us to believe that this demand had absolutely no merit.
As previously noted, the statements complained of by defendants were contained in letters to the editor written by Batiste. The statements contained in these letters were directed at the District Attorney and Attorney General, rather than at defendants, and they accused defendants of absolutely nothing. For this reason we find that the trial court's failure to award plaintiff (defendant in reconvention) attorney's *564 fees was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The record contains no evidence as to the amount of time or effort expended by plaintiff's attorney in defense of the reconventional defamation action. We note, however, that this action was tried in connection with plaintiff's main demand and only a small portion of the trial was devoted to the reconventional demand for defamation. Therefore, the trial court's judgment will be amended to include an award to plaintiff for attorney's fees in the amount of $500.00.

DAMAGES FOR CONVERSION AND TRESPASS
Finally, plaintiff argues that the trial court erred in making only one lump sum award for both the conversion and trespass. While the phrasing used by the trial court in its written reasons for judgment does appear to make a lump sum award for both the conversion and trespass, we note that the court did, in fact, make two separate awards to plaintiff, one in the amount of $2,500.00 for damages for the conversion and trespass and a separate award of $763.00 for damages for loss of the stage. We understand this latter award to actually have been made for the conversion of the plaintiff's property. In any event, it appears that any error in the trial court's manner of making this award is harmless.
With regard to the adequacy of the award, the record is clear that plaintiff was not present at the time of the trespass or conversion, that he did not even know it was occurring until later that day and his lumber was returned to him within a few days of the trespass and conversion. Under these circumstances, the award adequately compensates plaintiff and this award was reasonable and within the much discretion of the trial court. La.C.C. art. 1934(3).
For the foregoing reasons, the judgment of the trial court is reversed in part and judgment is hereby rendered in favor of plaintiff, Calvin E. Batiste, and against all defendants, in solido, in the amount of $500.00 as reasonable attorneys fees. The judgment of the trial court in all other respects is hereby affirmed. All costs are to be paid by defendants.
REVERSED IN PART AND AFFIRMED IN PART.