PONDER, Judge.
This workmen’s compensation case is before us on appeal from a judgment of dismissal holding that the injured party had received all compensation due him.
The appeal raises serious issues of manifest error, penalties, attorney’s fees and the application of the “odd lot” doctrine.
We elect to remand the case because it was tried before the enunciation by the Supreme Court of the odd lot doctrine. In the interest of fairness and justice we believe both plaintiff and defendant should be allowed to present whatever evidence they can on that issue.
There is an even more basic point, however, on which we remand. The case was filed by “Robert Peters, Individually and as the Natural Tutor of his minor son, Anthony.” Mrs. Clara Mae Sibley Peters testified her husband, Robert, died on January 4, 1979, prior to trial and judgment. There has been no substitution of parties.
The case is remanded for the substitution of party plaintiff and for other proceedings in accordance with this opinion. Appellee is cast with costs of this appeal. All other costs are to await the final outcome.
REMANDED.