COLE, Judge.
These consolidated cases involve a three-vehicle intersectional collision, the facts of which are set forth in detail in the reasons for judgment given by the trial court, hereto appended. Various suits were filed by and between the parties[1] and the trial court found Geneva Crowe Sibley solely responsible for the accident. Judgment was rendered in favor of Ms. Dabadie and against Ms. Sibley for the sum of $18,-770.20. State Farm was awarded $3,918.01 as reimbursement for medical expenses advanced to their insured, Ms. Dabadie. Ms. Sibley and Ms. Dabadie both appealed as to liability and Ms. Dabadie complains of the quantum.
*56 Concerning the issue of liability, we have examined the trial transcript and agree with the trial court the testimony is “hopelessly inconsistent.” In written reasons the court stated its decision was based upon the credibility of the witnesses. As a reviewing court we must, of course, give great weight to the conclusions of the trier of facts. We should not disturb reasonable evaluations of credibility and reasonable inferences of fact, even though other evaluations and inferences are as reasonable. Aleman v. Lionel F. Favret Co., Inc., 349 So.2d 262 (La.1977). Further, the credibility of the witness is best judged by the trier of fact and will not be disturbed unless clearly wrong. McMillan v. Travelers Ins. Co., 371 So.2d 1213 (La.App. 1st Cir.1979).
In reading the record we note Ms. Sibley and Mr. Hayden (the respective drivers of the first and second vehicles involved in the accident), had diametrically opposed versions of how the accident occurred. Ms. Sibley’s account of the accident was corroborated to some extent by the testimony of the driver of the third car, Ms. Dabadie. Likewise, Mr. Hayden’s version was supported somewhat by the testimony of the occupant of another car stopped at the intersection. The physical evidence was inconclusive. Therefore, the entire matter hinged necessarily upon the credibility of Ms. Sibley and Mr. Hayden.
During trial the court was impressed with Mr. Hayden’s veracity and remarked, “But Mr. Hayden was the most articulate and truthful witness I have seen on a case like this in my life.” It is argued the trial court’s evaluation of Mr. Hayden’s credibility is not reasonable in view of his history of drug usage and criminal activity. This is certainly a factor to be considered in assessing credibility. However, the trial court obviously did not feel the inferences to be drawn from Hayden’s background outweighed his candidness, demeanor, sincerity and the logic of his assertions. Not having heard and observed the witness, we cannot say the trial court was clearly wrong in its assessment of credibility. Finding nothing in the record to cause us to conclude the trial court was clearly wrong in accepting Mr. Hayden’s version of the accident, we will not disturb the trial court’s conclusions as to liability.
Concerning the quantum, the trial court found as a fact Ms. Dabadie suffered “some disability” from the accident and awarded $15,000 for her pain and suffering. Medical testimony revealed Ms. Dabadie had a pre-existing condition in her right knee which was aggravated to some extent by the accident. Her major complaint was difficulty with her right arm. She had undergone surgery to have a compressed nerve repaired but at the time of the trial stated she still had pain and was impaired in the use of her arm. Her orthopedic surgeon, Dr. Kenneth Cranor, testified by deposition he couldn’t state for sure the nerve problem had been caused by the trauma of the collision. Considering these factors we find the award of $15,000 to be well within the discretion of the trial court.
For these reasons and the additional written reasons of the trial court, hereto appended with approval,[2] the judgments of the trial court are affirmed. Costs on appeal are to be paid by defendant-appellant, Geneva Crowe Sibley.
AFFIRMED.
APPENDIX
WRITTEN REASONS FOR JUDGMENT
The matter before the Court consists of three consolidated cases involving claims which arose from an automobile accident. The following is a brief outline of the facts which were presented to the Court. On the morning of December 21, 1979, Charles Hayden, an employee of Superior Steel, Inc., was driving a truck owned by his employer east on Greenwell Springs Road. Geneva Crowe (now Sibley) was driving a pickup truck owned by Dennis Sibley and *57 was also eastbound on Greenwell Springs Road. Mrs. Diana Dabadie was in her vehicle on Monterrey Boulevard at the Green-well Springs Road intersection waiting for the traffic light to change to allow traffic from Monterrey Boulevard to enter Green-well Springs Road. As the vehicle driven by Hayden entered that intersection he began to execute a right turn onto Monterrey Blvd. Before that maneuver was completed the truck driven by Geneva Crowe struck the rear of the Superior Steel truck and trailer being driven by Hayden. As a result of that collision Hayden momentarily lost control of his vehicle and struck the Dabadie vehicle.
The accident report which was filed by Officer Gough reflected that the collision between the Crowe vehicle and the Superior Steel truck occurred at a point ten feet west of the west curb of Monterrey Boulevard and three feet south of the center line between the two eastbound lanes of Green-well Springs Road. The Superior Steel truck struck the Dabadie vehicle at a point fifty-eight feet south of the south curb of Greenwell Springs Road.
At the trial of this matter much testimony was adduced which was hopelessly inconsistent. For this reason the decision of this Court is based on the credibility which this Court assigned to each witness as the trial proceeded. The following paragraphs contain the findings of fact and conclusions reached by the Court after considering the evidence presented and the weight which was assigned to that evidence.
Charles Hayden had driven the Superior Steel truck for approximately eight months prior to the accident. He had executed the turn from Greenwell Springs Road to Monterrey Boulevard almost on a daily basis and as a result was very familiar with the intersection. Mr. Hayden testified that the total length of the rig he was driving was fifty feet. He further testified that he approached the intersection in the southernmost or outside eastbound lane of Green-well Springs Road and began his turn from that lane. The Court accepts that as fact. Mr. Hayden began his turn and had almost completed it when the Crowe vehicle struck his rig. This is borne out by the location of the impact between the Crowe vehicle and the Superior Steel truck and the point of impact of the Superior Steel truck and the Dabadie vehicle. It is also supported by the fact that the Crowe vehicle struck the Superior Steel truck in the rear. The testimony of Mr. Hayden is further supported by the testimony of Officer Gough, Mr. Bon-fanti, and Mr. Castjohn, three totally independent witnesses, the latter two of which were at the scene at the time of the accident. It is the opinion of this Court that Mr. Hayden was executing a proper turn and was not guilty of any negligence. Further, the Court finds that the sole cause of this accident was the failure of Geneva Crowe to maintain a proper lookout, to be attentive to the traffic around her, and to observe the slowing of the Superior Steel truck in preparation for the right turn.
In situations like this the case law in Louisiana is clear. A following motorist is presumed negligent if he collides with the rear of a leading vehicle. See Potts v. Hollier, 344 So.2d 70 (La.App. 4th Cir.1977) and Welsh [Welch] v. Thomas, -263 So.2d 427 (La.App. 1st Cir.1972). Also a motorist approaching a motor vehicle from the rear while both are travelling in the same direction is under a duty to exercise great care. Bums v. Evans Cooperage Co., [208 La. 406] 23 So.2d 165 (La.1945) and Coleman v. Van Dyke, 277 So.2d 709 (La.App. 2d Cir. 1973). Geneva Crowe was negligent in colliding with the rear of the Superior Steel truck and is therefore liable for the damages which were sustained by the other parties involved in the accident.
In the accident Diana Dabadie received injuries to her right arm and hand, suffered aggravation of a pre-existing knee injury and suffered a mild whiplash. She was hospitalized for surgery on her right arm and hand, which surgery has left her with scarring on that arm and hand. Mrs. Daba-die testified that she still suffers from a partial disability of the arm. From the evidence presented the Court finds as a fact that some disability does exist. It is the *58 decision of the Court that Mrs. Dabadie is entitled to recover for her lost wages, medical expenses, property damage and physical pain and suffering. Her special damages were stipulated to be as follows: property damage, $3670.00; lost wages, $1000.00; and medical expenses, $3018.21. The Court will award these amounts to Mrs. Dabadie and, where her insurer State Farm has already made payment to her, will make award to State Farm. The Court also finds that for her physical pain and suffering Mrs. Dabadie is entitled to an award in the amount of $15,000.00.
The Court renders the following judgments:
(1) In suit number 230,654, entitled “Dennis Sibley and Geneva Crowe Sibley versus Charles P. Hayden, Superior Steel Company, and Liberty Mutual Insurance Company,” the Court finds in favor of the defendants and against the plaintiffs, dismissing plaintiff’s claims at their costs.
(2) In suit number 231,336, entitled “Diana S. Dabadie versus Charles P. Hayden, Superior Steel, Inc., Liberty Mutual Insurance Company, Geneva M. Crowe, and Dennis Sibley,” as to the claims of the plaintiff against defendants Hayden, Superior Steel, and Liberty Mutual Insurance, the Court finds in favor of these three defendants and against the plaintiff, dismissing plaintiff’s claims against these three defendants. As to plaintiff’s claims against defendants Geneva M. Crowe and Dennis Sibley, the Court finds in favor of the plaintiff and against Geneva M. Crowe and Dennis Sib-ley. Judgment is hereby rendered in favor of Diana Dabadie and against Geneva Crowe and Dennis Sibley in the amount of $18,770.20, with defendants to bear all costs of this suit.
(3)In suit number 231,432 entitled “Dianne [Diana] S. Dabadie and State Farm Mutual Automobile Insurance Company versus Superior Steel, Inc. and Charles Hayden,” the Court finds in favor of the defendants Superior Steel and Hayden and against the plaintiffs, dismissing plaintiffs’ claims against these two defendants. As to the claims of the plaintiff against Geneva Crowe Sibley and Commercial Union Insurance Company, who were made defendants in an amended petition, the Court finds in favor of the plaintiffs and against the defendants Geneva Crowe Sibley and Commercial Union Insurance. Therefore, judgment is hereby rendered in favor of plaintiffs Diana S. Dabadie and State Farm Mutual Automobile Insurance Company and against defendants Geneva Crowe Sibley and Commercial Union Insurance Company in the amounts of $348.01 for medical expenses and $3570.00 for property damage, with defendants to bear all costs of this suit.
Judgment will be signed accordingly.
Baton Rouge, Louisiana this 29 day of July. 1981.
/s/ Douglas M. Gonzales DOUGLAS M. GONZALES
JUDGE, 19TH JUDICIAL DISTRICT COURT DIVISION L

. The driver of the first car, Geneva Crowe Sibley, and her husband Dennis Sibley, sued Charles Hayden (the driver of the second vehicle), Superior Steel, Inc. (his employer), and Liberty Mutual Insurance Co. (Superior’s insurer). The driver of the third vehicle, Diana Da-badie, sued Charles Hayden, Superior Steel, Liberty Mutual and Geneva and Dennis Sibley (Dennis Sibley was dismissed on a motion for summary judgment.) Diana Dabadie and her insurer, State Farm Mutual Automobile Insurance Co. sued Charles Hayden, Superior Steel, Liberty Mutual and Geneva Crowe Sibley and her insurer, Commercial Union Insurance to recover sums advanced by State Farm to Ms. Dabadie for property damage and medical expenses. (Ms. Dabadie was later deleted as a claimant, her property damage deductible being included in the suit first filed by her.)

. Technical errors in the decretal portion of the reasons were corrected by the judgments signed by the trial judge.