ALFORD, Judge.
Plaintiff-appellant Roger Christopher was employed by Southern Industrial Builders, Inc., as a cement finisher working in the Dow Chemical Plant at Plaquemine, Louisiana. On August 1, 1977, certain debris fell into his right eye necessitating his seeking medical treatment the next day at the Dow Medical Unit. This litigation arose as a result of plaintiff’s allegations that Dow employees Dr. M.F. Currier, Nurse J.W. Day, Nurse Betty Doughty and Nurse Myrtle Joffrion were guilty of negligence in their handling of his eye injury.
From a judgment in favor of all defendants, plaintiff has appealed. We affirm the judgment of the trial court.
The only question for resolution is one of fact; namely, whether or not plaintiff returned to Dow’s Medical Unit per instructions on August 4, 1977.
The Dow Medical Unit’s daily logs show that plaintiff was seen on August 2, August 3 and August 18,1977, but not on August 4, 1977. Christopher claimed that he did return to the medical facility on August 4, but was turned away and sent back to work.
The trial judge rejected plaintiff’s testimony on this point and accepted the evidence presented by the logs and the testimony of the defendant nurses as to the keeping of those records. The trial judge was also impressed by the testimony of Dr. Kirk Patrick and Dr. Charles Afeman, specialists in Opthamalogy, who found the treatment by defendants entirely appropriate.
The trial judge has the responsibility of determining ultimate facts and deciding whether plaintiff has made out his case by a preponderance of the evidence. Heatly v. Dolese Ready-Mix Concrete Company, 393 So.2d 750 (La.App. 1st Cir.1980). It is also incumbent on the trial judge to determine the credibility of the witnesses and to assess their character and demeanor. His judgment in these matters will not be disturbed unless clearly wrong. McMillan v. Travel *1360 ers Insurance Company, 371 So.2d 1213 (La. App. 1st Cir.1979).
Where there is evidence before the trier of fact which furnishes a reasonable factual basis for the trial court’s finding, on review, the appellate court should not disturb the factual finding in the absence of manifest error. A reading of the entire record demonstrates that the trial judge was correct in determining that the plaintiff had failed in establishing his burden of proof. The preponderance of the evidence does not indicate malpractice on the part of Dr. Currier or any of the nurses. Young v. Department of Health and Human Resources, 405 So.2d 1209 (La.App. 1st Cir.1981), writ denied, 407 So.2d 749 (La. 1981).
The trial judge, having heard all of the witnesses and having weighed all of the evidence, decided that the Dow Clinic personnel did all that they should have in treating plaintiff.
Further, the trial judge found plaintiff’s allegations that he was cursorily dismissed on August 4, 1977, contradicted by the medical records and testimony of the nurses, did not carry the burden. These are factual findings which are not to be disturbed by this Court absent manifest error. This Court finds no such error. Plaintiff’s appeal is therefore dismissed at his costs.
AFFIRMED.