ELLIS, Judge.
This is a workmen’s compensation case. Plaintiff Arthur Thomas was injured while working as a laborer for J. W. Leavesly & Sons. The accident happened on December 18, 1967, when he slipped and fell, injuring his back. He was treated by Dr. Ward Turner, but missed no work, since he was given light duty by his employer. On January 2, 1968, plaintiff had no objective signs of disability but still felt uncomfortable subjectively. On January 3, 1968, plaintiff was laid off. On January 16, 1968, he saw Dr. Turner for the last time, and according to Dr. Turner’s report, had no complaints and was discharged with no residual disability.
About a week later, he called Dr. Turner with further complaints, and Dr. Turner referred him to Dr. Richard E. Means, an orthopedic surgeon. Dr. Means saw him on February 1, 1968, diagnosed a lumbo-sacral sprain, and hospitalized him. He received medication, traction and physical therapy, and remained in the hospital for five days. After his release, he continued with rest and treatment and was seen occasionally by Dr. Means. On April 16, 1968, Dr. Means said that plaintiff told him he was considerably improved, and that he had réturned to work. Dr. Means said that plaintiff experienced only occasional mild pain, and that his findings at that time were normal. He discharged the patient from treatment, and felt that the residual symptoms would disappear without further treatment.
On May 28, 1968, plaintiff again returned to Dr. Means, complaining of low back pain. The doctor made no positive physical findings other than some tenderness over the lower back. At that time, he expected him to be symptom free in a matter of weeks.
Plaintiff returned to Dr. Means on May 16, 1969, complaining of low back pain and some leg pain. Dr. Means once again had him admitted to Baton Rouge General Hospital, because he suspected a ruptured disc. On May 22, 1969, a myelogram was done. Dr. Means was of the opinion that plaintiff did not have a raptured disc, but, if he did, it was of such a minor nature as to get well without surgery. On May 29, 1969, he saw plaintiff once again, and at that time plaintiff related he was experiencing the same back and leg pain. Dr. Means’ examination was negative. Dr. Means saw plaintiff for the last time on August 20, 1969, at which time he complained of approximately the same symptoms.
Dr. Means was of the impression that plaintiff was disabled from the time of his *703 injury until April 16, 1968. It is obvious from reading the doctor’s testimony that, although the plaintiff claimed to be disabled each time he saw the doctor thereafter, on May 28, 1968, May 16, 1969, and August 20, 1969, the doctor was unable to find any objective symptoms or disability, and that he did not believe that the plaintiff was disabled. At another point in his testimony, the doctor said that on April 16, 1968, plaintiff could return to near normal activity; by May 28, 1968, he had improved to such an extent that he could continue his usual work.
Plaintiff was also examined by Dr. Duane Forman, but the sheriff was unable to effect service on him and he did not appear at the trial. Plaintiff attempted to offer in evidence a written report written by him, which the court refused to admit when the defendant objected thereto.
The insurance adjuster who handled the case testified that he took a statement from plaintiff on March 18, 1968, and that he settled the case by making a payment of $520.00 to plaintiff on May 22, 1968. This is the only payment of compensation made to plaintiff. Stipulations in the record show that plaintiff’s attorney notified his employer on February 22, 1968, of the case, and made demand for compensation.
Plaintiff testified at the trial on September 19, 1969, that his back was still giving him trouble and that he had trouble with his stride when he walked because of pain in his right leg from the hip down. Plaintiff testified that he had been working fairly steadily since April, 1968, but that because of his back condition there were some jobs that he was unable to do, and that he had to refuse jobs or leave them because the work was too difficult for him.
The district court found that plaintiff was disabled from the time of the accident until May 28, 1968. It further found that he was paid wages in lieu of compensation from December 18 until January 3, and he granted him compensation from January 3, 1968, to May 28, 1968, at the rate of $35.00 per week, with credit for the sum of $520.-00 which had been paid. The judgment was signed accordingly.
The plaintiff petitioned for a new trial so that the testimony of Dr. Forman might be taken. He further pointed to various alleged inconsistencies in the testimony of Dr. Means, as reflected by his deposition before trial. The district judge refused the new trial, and this appeal followed.
The only medical evidence in the record is to the effect that plaintiff was not disabled after. May 28, 1968. Opposed to this is plaintiff’s testimony as to his inability to work. We think that, on the basis of the record before him, the trial judge was correct in determining that plaintiff was not disabled after May 28, 1968.
We can see no basis for an award of penalties and attorney’s fees in this case. The only ground advanced for such an award is that more than sixty days elapsed between demand and payment. R. S. 23:1201.2 provides for penalties in such a case when an employer is uninsured. It is inapplicable to this case, since there is workmen’s compensation insurance. We find that defendant was not arbitrary nor capricious in the manner in which the payment was made, or its failure to make further payments thereafter. According to all of the medical evidence, plaintiff was not disabled.
Finally, plaintiff complains of the failure of the trial judge to grant him a new trial. It is settled law that a judgment refusing a new trial is not an appeal-able judgment.
 Plaintiff has asked us to remand the case for the taking of further medical testimony. He bases his request on alleged conflicts in Dr. Means’ testimony and on the medical report of Dr. Forman, who was subpoenaed but who did not testify at the trial. We cannot agree that Dr. Means’ testimony is equivocal or contradictory. Nor can Dr. Forman’s report form *704 the basis for a remand. Plaintiff knew of his testimony, and issued a subpoena for him. When Dr. Forman did not appear, plaintiff could have requested a continuance, or requested the right to depose the doctor after trial. Instead, he offered the report, which was properly excluded by the trial judge. Plaintiff is not entitled to have the case remanded for further medical evidence, when the record is devoid of any basis for so doing.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.