Le BLANC, Judge.
This is a worker's compensation case arising out of a work-related accident suffered by plaintiff, Jimmy L. Bankston. Following trial on the merits, judgment was rendered in favor of plaintiff and against defendant, Gregory & Cook, Inc., in the amount of $10,980.00 for unpaid compensation benefits, $8,500.00 for medical expenses, $2,337.60 for statutory penalties and, $3,180.00 for attorney’s fees, a total of $24,997.60. Defendant appeals maintaining that there was no causal connection between plaintiff’s work-accident and his disability and that the trial court erred in assessing it with statutory penalties and attorney’s fees.
On September 21, 1981, plaintiff was employed by defendant as a pipe fitter welder. On that date, he fell off a pipe upon which he was working and struck his right side *822 and elbow on concrete. Initially, plaintiffs only complaint as a result of this accident concerned his right elbow, although he subsequently made complaints of a tingling sensation in his right hand and some pain in his right upper extremity. He was treated by several physicians and received worker’s compensation benefits. In May of 1982, he complained of acute neck pain for the first time. In August of 1982, a myelo-gram revealed plaintiff suffered from a protruded disc in the midline at the C5-C6 level, which was operated upon on August 19, 1982.
Upon learning of the results of plaintiffs myelogram and the resulting surgery, an adjuster representing Gray & Company, defendant’s managing general agents, terminated compensation benefits to plaintiff and refused to pay any medical expenses attributable to his disc injury. The primary bases for this refusal were: (1) plaintiff did not complain of any symptoms other than those relating to his elbow until several months after his accident, and; (2) the first mention of a neck injury was not made until almost a year after the original accident. Defendant maintains plaintiff is not entitled to benefits for any disability or medical expenses attributable to his protruded cervical disc, because this injury was degenerative in nature and was not causally related to his work-accident on September 21, 1981. However, the trial court disagreed, concluding that a causal connection was established.
The general rule in reviewing factual findings and credibility determinations is that an appellate court will not disturb such finding absent manifest error. Ar-ceneaux v. Domingue, 365 So.2d 1330 (La. 1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). However, this rule is not applicable when the trial court’s findings are based on depositions rather than live testimony, because in such cases the trial court is in no better position to assess credibility than the appellate court. Dickerson v. Zurich-American Ins. Co., 479 So.2d 571 (La.App. 1st Cir.1985). In the instant case, all lay witnesses testified at trial, but all medical testimony was presented in the form of depositions. Accordingly, in reviewing the facts of this case, all lay testimony will be reviewed on the basis of manifest error, while all medical testimony will be reviewed on the basis of sufficiency and preponderance of the evidence. Dickerson, supra.
In its reasons for judgment, the trial court specifically noted its favorable impression regarding plaintiff’s credibility. We find no manifest error in this determination. Further, having carefully reviewed all of the evidence, we find that the conclusion reached by the trial court to the effect that plaintiff’s protruded disc was causally related to his work accident is sufficiently supported by a preponderance of the evidence. See Bolden v. Georgia Cas. & Sur. Co., 363 So.2d 419 (La.1978). Particularly pertinent in this regard is the presumption that when there is proof of an accident and of an ensuing disability without any intervening cause, it is presumed that the accident caused the disability. Guillory v. U.S. Fidelity & Guar. Ins. Co., 420 So.2d 119, 123 (La.1982). Accordingly, that portion of the judgment ordering the payment of compensation benefits and medical expenses is affirmed.
Defendant also argues that the trial court erred in imposing statutory penalties and attorney’s fees upon it because of an alleged arbitrary and capricious refusal to pay benefits. We agree. Under La.R.S. 23:1201.2, penalties and attorney’s fees may be assessed against an employer only if that employer is “not covered by insurance”. Thomas v. Employers Insurance Co. of Wausau, Wis., 239 So.2d 701 (La. App. 1st Cir.1970); Hebert v. Big Chief Truck Lines, Inc., 484 So.2d 255 (La.App. 3d Cir.1986). In the present case, the record contains uncontradicted testimony by a representative of Gray & Company which indicates that defendant did have worker’s compensation insurance coverage. See Daly v. L.E. Myers Const. Co., 419 So.2d 512 (La.App. 2nd Cir.1982). Under these circumstances, the trial court erred in *823 assessing penalties and attorney’s fees against defendant.[1]
For the above reasons, that portion of the trial court judgment awarding penalties and attorney’s fees to plaintiff is reversed. The judgment is affirmed in all other respects. Appellant is to pay all costs of appeal.
AFFIRMED IN PART; REVERSED IN PART.

. In view of this finding it is unnecessary to reach the issue of whether there was an arbitrary and capricious refusal to pay compensation benefits to plaintiff.