520 So.2d 891 (1987)
Vernick DELAHOUSSAYE, et ux., Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTO INS. CO., et al., Defendants-Appellees.
No. 86-976.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
Writ Denied December 18, 1987.
L. Hallman Woods, New Iberia, for plaintiffs-appellants.
Roy, Forrest & Lopresto, Alex A. Lopresto III, New Iberia, for defendants-appellees.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
DOUCET, Judge.
This is a suit for injuries and damages sustained by Vernice Delahoussaye, wife of Vernick Delahoussaye, who was involved in an automobile accident on November 1, 1983 at mid-morning. At the time of the accident, Mrs. Delahoussaye was driving her 1979 Chevrolet Malibu on Main Street in New Iberia. Main Street is a two-lane, one-way street for traffic traveling from an easterly direction to a westerly direction. At the time of the accident, Mrs. Delahoussaye was stopped in the left hand lane at a red light at the intersection of East Main Street and Weeks Street. Patrick Hanks, while in the course and scope of his employment with Modern Business Machines, was traveling in a Plymouth Horizon and *892 was also stopped at the intersection in the right hand lane awaiting the light to change from red to green. Thus, the two cars were stopped side by side, both heading in an easterly direction. When the light changed, both vehicles proceeded in their respective lanes approximately a fourth of a block down Main Street when the accident occurred. Hanks contends that in order to avoid a vehicle stopped ahead of him, he started to make a maneuver from the right lane to the left lane but that he is not sure that he had crossed the center line when the two cars came into contact with each other. Mrs. Delahoussaye, on the other hand, contends that Mr. Hanks changed from the right lane to the left lane at which point his vehicle struck her vehicle.
Following the collision, Mrs. Delahoussaye testified that when she saw the Hanks vehicle coming into her lane, she panicked, applied her brakes, tensed up and then prepared for a collision which only occurred in a slight fashion. The only point of contact on the Hanks vehicle was on the corner of the driver's side view mirror. There was a small discoloration on the side view mirror. There was only one slight scratch on the Delahoussaye vehicle which cost $23.32 to repair. Mrs. Delahoussaye urges that as a result of the accident, she has suffered a ruptured disc and was forced to undergo surgery in order to alleviate the pain. Mrs. Delahoussaye also contends that because the surgery was unsuccessful, she will be forced to undergo a second surgery to fuse the two vertebra where the ruptured disc is located.
It is important to note at this point that prior to the accident which is the subject of this suit, Mrs. Delahoussaye was suffering from several ailments which were a result of another automobile accident that she was involved in in 1980, and also as a result of a slip and fall accident in her home in 1979. In connection with Mrs. Delahoussaye's medical condition resulting from the 1979 slip and fall accident, the 1980 automobile accident, and the 1983 automobile accident, Mrs. Delahoussaye was examined and treated by several physicians.
Suit was filed for injuries and damages which were sustained by plaintiffs against defendants Patrick Hanks, Modern Business Machines, Inc. and their liability insurance carrier, the State Farm Mutual Automobile Insurance Company, as well as the State Farm Automobile Liability Insurance Company as the uninsured motorist carrier on the plaintiff's vehicle. The jury was submitted the following interrogatory:
"Do you find from a preponderance of the evidence that the defendant, Patrick Hanks, was negligent in the manner claimed by the plaintiffs and that such negligence was the legal cause of the damages of the plaintiffs?"
The jury answered "No" to the aforementioned interrogatory and in compliance with the jury's negative answer, the trial court rendered judgment in favor of the defendants and dismissed the demands of the plaintiffs with prejudice at their cost. It is from this judgment that Vernice and Vernick Delahoussaye appeal.
Appellants first contend that "The jury was manifestly in error in finding that Patrick Hanks was not negligent." We disagree.
The accident which is the subject matter of this suit occurred on Main Street. As previously stated, Main Street is a one-way two-lane street. Mr. Hanks was traveling in the right hand land and Mrs. Delahoussaye was traveling in the left hand lane. It was Hanks' intention to change from the right hand lane to the left hand lane in order to avoid a car that was stopped ahead of him in the right hand lane. At trial, Hanks testified that he started to make the maneuver but that he was not sure whether he had crossed the center line when contact was made between the two cars.
There was obviously some question in the jury members' minds as to whether or not the point of contact occurred in the Hanks lane or the Delahoussaye lane. If the jury chose not to believe Mrs. Delahoussaye's testimony regarding how the accident happened, we conclude that it had a reasonable basis to conclude that Hanks had not crossed the center line when the accident occurred. Thus, we find that the *893 jury's factual finding that Hanks was not negligent was supported by the evidence.
Appellants next urge that "The jury committed manifest error in concluding that the negligence of Patrick Hanks did not cause the damages to plaintiffs" and also that "The jury committed manifest error in failing to conclude the negligence of Patrick Hanks, aggravated the pre-existing condition of the plaintiff causing damages to the plaintiffs." We disagree.
Before addressing the final two assignments of error, it is important to note that by way of supplemental memorandum, appellants urge that because all of the medical testimony was provided by deposition, such evidence should be reviewed on the basis of sufficiency and preponderance of the evidence since the trial court is in no better position to assess credibility than the appellate court. Appellants cite Bankston v. Gregory & Cook, Inc., 506 So.2d 820 (La.App. 1st Cir.1987) in support of the above proposition. However, Bankston was effectively overruled by the Louisiana Supreme Court in Larry Joe Virgil v. American Guarantee and Liability Insurance Company, Et Al, 507 So.2d 825 (La.1987). In Virgil, the Supreme Court pronounced that the manifest error standard of appellate review applies when the evidence before the trier of fact consists solely of written reports, records and depositions. Thus, we will review such evidence on the basis of the manifest error standard.
The accident was minor; plaintiff even admits that the collision was slight. In fact, appellant candidly admit that the collision which occurred between the two vehicles was slight in nature. Also tending to show the slight nature of the accident is that the cost of repairing plaintiffs' vehicle amounted to $23.32. Additionally, the appellees offered into evidence the testimony of Professor Stephen A. Killingsworth, an expert in the field of mechanical engineering in support of the proposition that the impact was slight in nature. Professor Killingsworth performed a detailed impact analysis of the accident and determined the maximum amount of force that was exerted on the plaintiffs' vehicle when the side view mirror of the Hanks vehicle touched it. Professor Killingsworth concluded that a maximum of fifty pounds of force was exerted onto the plaintiffs' vehicle. Fifty pounds of force is approximately the same amount of force exerted when a car door is slammed shut, something routinely encountered by anyone who rides in an automobile.
Also pertinent to our evaluation of causation is Mrs. Delahoussaye's medical condition prior to the November 1, 1983 accident and immediately thereafter. As previously stated, prior to the accident which is the subject of this suit, Mrs. Delahoussaye was suffering from several ailments which were a result of another automobile accident in which she was involved in 1980 and also as a result of a slip and fall accident which occurred in her home in 1979. In connection with Mrs. Delahoussaye's medical condition resulting from the 1979 slip and fall accident, the 1980 automobile accident, and the 1983 automobile accident, Mrs. Delahoussaye was examined and treated by several physicians. The testimony of these physicians is crucial to our inquiry.
In March of 1979, Mrs. Delahoussaye sustained injuries when she slipped and fell in her home. Mrs. Delahoussaye went to Dr. Richard LeBlanc complaining of pain in her hip and tenderness in her lower back. In connection with the slip and fall accident, Mrs. Delahoussaye returned to Dr. LeBlanc complaining of pain in her lower back. At this time, Dr. LeBlanc prescribed a corset for Mrs. Delahoussaye.
In August of 1980, Mrs. Delahoussaye was involved in an automobile accident. On February 19, 1981, Mrs. Delahoussaye returned to Dr. LeBlanc complaining of pain in the lower lumbar spine and numbness of the toes on both feet.
On March 9, 1981, Mrs. Delahoussaye saw Dr. Louis C. Blanda, an orthopedic surgeon. At this time she complained of pain in the low back which radiated to both legs.
In July of 1982 and November of 1982, Mrs. Delahoussaye was examined by Dr. Thomas L. Bertuccini, a neurological surgeon. On these occasions Mrs. Delahoussaye complained of pain in both legs and *894 pain in the lower part of the mid portion of her back.
On November 7, 1982, Mrs. Delahoussaye was examined by Dr. Robert Martinez. At this time, Mrs. Delahoussaye complained of pain radiating up and down her legs into her low back and she stated to Dr. Martinez that the pain was "killing me." Dr. Martinez, by way of deposition, testified that plaintiff's radiating pain didn't fit the usual pattern of a ruptured disc.
On November 11, 1982, plaintiff saw Dr. Norman Anseman. At this time, plaintiff complained of pain in her low back radiating down into her legs.
On February 18, 1983, plaintiff was examined by Dr. Kenneth Calamia. Plaintiff complained to Dr. Calamia of pain in her low back and hips and numbness in her toes.
On March 9, 1983, Mrs. Delahoussaye once again was examined by Dr. Bertuccini. At this visit, plaintiff complained of pain in her left leg. Plaintiff had a return visit to Dr. Bertuccini on July 13, 1983 complaining of pain in her low back and in both legs.
On November 1, 1983, plaintiff was involved in the automobile accident giving rise to this suit. Plaintiff did not seek any medical attention until November 30, 1983, when she returned to Dr. Bertuccini for an office visit. At this time, plaintiff had no complaints of low back or leg pain. Plaintiff, again returned to Dr. Bertuccini's office on December 21, 1983. At this office visit plaintiff had no complaints of low back or leg pain.
It wasn't until January 18, 1984, that plaintiff first complained of low back and leg pain to Dr. R.C. Llewellyn.
Appellants urge that none of the doctors before Dr. Llewellyn testified that they affirmatively diagnosed a ruptured disc in the plaintiff's low back. However, all of the physicians did testify that complaints by Mrs. Delahoussaye of pain in her low back and legs are consistent with the complaints of one who has a disc injury in the low back. Moreover, appellants urge that because a lumbar myelogram was performed in 1981 and because the results were negative, this indicates that plaintiff did not suffer from a ruptured disc prior to the accident. However, the result of a lumbar myelogram are not conclusive proof that one is suffering from a ruptured disc. To the contrary, Dr. Blanda testified that at the L5, S1 level, (the location of plaintiff's injury) the myelogram is less than 50% accurate. Additionally, it should also be noted that the cervical myelogram performed on plaintiff by Dr. Blanda in 1981 was also negative but plaintiff was ultimately diagnosed as having a herniated cervical disc which related to the August 1980 accident.
Based on the foregoing, we find that the circumstances surrounding the accident and the plaintiff's medical condition warranted a finding of fact by the jury caused by the accident in question. The jury, after examining the credibility of the witnesses and the evidence, obviously concluded that the plaintiff would have experienced the same medical problems even if the November 1, 1983 accident had never occurred. We do not believe that such a finding is clearly wrong or manifestly erroneous. As such, we will not disturb the jury's findings on appeal.
Accordingly, for the foregoing reasons, the judgment of the district court is affirmed. All costs are assessed to appellants.
AFFIRMED.