CULPEPPER, Judge.
This case and Guy v. Hardware Mutual Casualty Company et al., 205 So.2d 815, in which a separate judgment is being rendered by us this day, are companion cases arising out of the same automobile collision. The plaintiff in this case is Alvin Williams, driver of one of the vehicles, and the plaintiff in the other case, Katherine Guy, was his passenger. The defendants are Mrs. Elmer Morein, driver of the other vehicle, her husband, Mr. Elmer Morein, iand their insurer, Hardware Mutual Casualty Company. From a judgment rejecting their demands, the plaintiffs have appealed.
The trial judge concluded that even if the defendant driver was negligent the impact between the two vehicles was so slight that the plaintiffs suffered no injuries whatsoever. The case depends largely on the credibility of the witnesses. After carefully reviewing the record, we find no manifest error in the trial judge’s evaluation thereof and adopt as our own his written opinion as follows:
“The evidence reveals that on the day of the accident the two plaintiffs were going home for lunch in a panel truck owned by their employer, Percy Guillory. They worked at a dry cleaning shop. As they approached the intersection of Cored and Main Streets in Ville Platte, Evangeline Parish, an automobile owned by Elmer Morein, and being driven at the time by Mrs. Morein, had stopped ahead of the panel truck for the traffic light *815 which was red at the time. They approached the Morein vehicle apparently very close. Mrs. Morein then noticed that she was too far out into Main Street and backed up about two feet, slightly bumping the panel truck bumper. She then got out of the car and upon recognizing that the panel truck belonged to Mr. Guillory, asked that the driver, Alvin Williams follow her to Mr. Guil-lory’s shop, in order that they might discuss the matter over with him. They did so.
"Mrs. Morein told Mr. Guillory that if he wanted his truck repaired she would pay the expenses. (The truck had a very small dent on the bumper). It was decided that since it was such a minor accident there would be no need to call for an investigation by the Police Department. Mr. Guillory then advised Mrs. Morein to go home and forget about the whole thing.
“The two plaintiffs then proceeded to lunch and returned to their work that same afternoon. The plaintiffs again returned to work the next morning, never complaining of any pain or injury they might have sustained.
“However, on Monday morning both plaintiffs went to see Dr. R. E. Dupre with such complaints of pain that they were hospitalized for a period of eleven days, released from the hospital, and again hospitalized for another ten days.
“The medical evidence is strictly based on the complaints of the two plaintiffs. No objective evidence whatsoever was discerned by the doctor.
“The ‘accident’ was so slight that Mrs. Morein did not even tell her husband that she was involved in an accident since she did not fe.el it was an accident. The bump was so slight that she knew she had hit something but it never shook her up or anything of the sort.
“The Court is not going to pass on the question of negligence in this case for the simple reason if there was any negligence this negligence did not cause any damage whatsoever to the two plaintiffs and that the whole case smacks of purg-ery by these two plaintiffs. This Court feels so strongly about this that it is thinking seriously of recommending to the District Attorney that perjury charges be filed.
“By this, it is referring only to the two plaintiffs and no one else concerned, because it believes that they fabricated this story of pain about three days later.
“Therefore, it is the opinion of this Court that their suit be dismissed with prejudice, at their costs.”
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.