318 So.2d 145 (1975)
Ben DUPRE, Plaintiff and Appellee,
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY et al., Defendants and Appellants.
No. 5117.
Court of Appeal of Louisiana, Third Circuit.
September 5, 1975.
*146 Dubuisson, Brinkhaus, Guglielmo & Dauzat by James G. Dubuisson, Opelousas, for defendants-appellants.
Domengeaux & Wright, by William H. Lambert, Lafayette, for plaintiff-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
CULPEPPER, Judge.
Plaintiff seeks damages for personal injuries sustained when the automobile which he was driving was struck from the rear by a truck owned by the defendant, South Central Bell Telephone Company, and being driven by its employee, John D. Montgomery. The district judge awarded plaintiff a total of $12,511.50 in general and special damages. The defendants appealed. Plaintiff answered the appeal, seeking an increase in the award.
The principal issue on appeal is whether the trial judge committed manifest error in accepting plaintiff's version of the accident rather than that of the defendant, Montgomery.
The accident occurred at about 8:30 a.m. on Landry Street in the City of Opelousas. At the point of the collision, Landry Street is one-way and contains two lanes for west bound traffic. The street was wet, but it was not raining at the time.
Plaintiff's version of the accident is that he was driving in the left lane, intending to turn left into the driveway of his home, which is located near the south side of the *147 roadway. He says that he turned on his left turn signal lights and had just commenced his left turn toward his driveway when he was struck from the rear by the truck driven by the defendant Montgomery. The evidence shows the left front fender of defendant's truck struck about in the center of the rear of plaintiff's automobile.
The defendant truck driver's version of the accident is that he was driving in the left lane, and he first noticed defendant's automobile when it changed from the right lane to the left about 30 feet ahead of his truck. Montgomery says he immediately applied his brakes and turned to the right but was unable to avoid the collision.
Defendant's first argument on appeal is that in his written reasons the district judge states the pictures of the damage to the two vehicles "compel the conclusion that the accident occurred in the manner recited by Mr. Dupre." Defendant argues the pictures could support either plaintiff's or defendant's version. On this point, we are inclined to agree with the defendant that the pictures in question could support either version.
Nevertheless, the rule of appellate review is that the factual findings of the trial judge will not be disturbed where supported by a reasonable evidentiary basis, Canter v. Koehring Company et al., 283 So.2d 716 (La.S.Ct.1973). In the present case, there is clearly sufficient evidence to support the trial judge's factual findings. The issue is largely one of credibility as between Mr. Dupre and Mr. Montgomery. The credibility of witnesses is particularly a matter as to which the trier of fact has much discretion.
The defendant also contends the award is excessive. Plaintiff has answered the appeal and contends the award is inadequate.
Briefly, the evidence as to plaintiff's injuries shows that he was 67 years of age and had substantial pre-existing arthritic changes of the vertebrae. As a result of the accident, he received a straining injury to the musculature of the spine in the cervical and lumbar areas, which aggravated the pre-existing arthritic condition. His physician prescribed treatment with pain relieving drugs and muscle relaxants. Mr. Dupre saw his doctor 169 times over a period of about 17 months. The medical expenses to the date of trial totaled $2,611.50.
The district judge awarded $7,500 in general damages, $2,611.50 for past medical expenses, $2,000 for future medical expenses, and $400 for automobile damage, for a total of $12,511.50. Defendants' principal complaint about the award is that the $2,000 for future medical expenses is speculative. However, we think that Dr. Ventre's testimony that plaintiff's injuries resulting from the accident would continue to cause trouble in the future and plaintiff would incur substantial additional medical expenses, reasonably supports this award.
In his answer to the appeal, the plaintiff contends the award of $7,500 in general damages is inadequate. Under all of the circumstances, we are unable to say that this award constitutes an abuse of the great discretion of the trier of fact as to the quantum of awards for personal injuries.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant.
Affirmed.