PER CURIAM.
Following her plea of guilty and sentence for possession of marijuana, defendant was granted an appeal.
We construe the sentence to be a fine of $500 and costs or six months in jail, and supervised probation for one year. (The minutes and transcribed colloquy of the sentencing show: “Let the accused be fined $500.00 and cost and six months in the Natchitoches Parish jail. If the fine and cost are paid the jail sentence is suspended and you, the accused, are placed on supervised probation for one year. If the above period of probation is successfully completed by you, . . . fine . will not be refunded.”
The sentence is not appealable. Const. of 1974, Art. 5, § 5(D)(2):
“In addition to other appeals provided by this constitution, ¿ case shall be appeala-ble to the supreme court if (2) the defendant has been convicted of a felony or a fine exceeding five hundred dollars or imprisonment exceeding six months actually has been imposed.”
Treating the present appeal as an application under our supervisory jurisdiction (see Louisiana Supreme Court Rule 1, sec. 10), we deny the application for review.
The penalty for possession of marijuana is (R.S. 40:966 D) “fined not more than five hundred dollars and/or imprisoned in the parish jail for not more than six months.” The instant sentence does not exceed the legal limits. It is within the specific possibilities explained to defendant in the colloquy at the plea of guilty. The judge can suspend any part of the sentence. C.Cr.P. 894.- The fact that sentence provides that the fine will not be returned on completion of the probation is an attempt to avoid a problem because of the provision in C.Cr.P. 894 that upon satisfactory conclusion of the suspended sentence “the court may set the conviction aside and dismiss the prosecution,” which “shall have the same effect as an acquittal . ” The statute does not require such action by the trial judge.
On the showing made, we conclude neither that the sentence is illegal nor that *435 the sentence is excessive, as contended by the defendant.
The application is denied.
CALOGERO, J., concurs in the writ denied.