378 So.2d 1027 (1979)
Richard LEBLANC, Plaintiff-Appellee,
v.
Dominic CORDARO, Defendant-Appellant.
No. 13979.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1979.
*1028 Nelson, Hammons & Johnson by John L. Hammons, Shreveport, for defendant-appellant.
Lunn, Irion, Switzer, Johnson & Salley by John R. Herzog, Shreveport, for plaintiff-appellee.
Before PRICE, MARVIN and JONES, JJ.
PRICE, Judge.
Plaintiff, an architect, filed this suit to recover for services performed for defendant in connection with defendant's proposal to open a sandwich shop in Mall St. Vincent in Shreveport. The sole issue presented is whether plaintiff was engaged under an oral agreement which made payment for his services contingent upon defendant's ability to obtain a loan under the Small Business Administration program.
Plaintiff sued for $4,364.97[1] alleging that he had performed 80 percent of the contemplated architectural work in drawing plans and specifications, obtaining bids from contractors, and assisting defendant in submitting loan applications to various financial institutions.
Defendant, although admitting that he negotiated with plaintiff to do architectural work which was partially performed, denies that any fee is owed as the agreement made with plaintiff was to pay for his services out of the proceeds of the contemplated loan which he was unable to procure.
The trial court found plaintiff's version of the oral agreement more logical and awarded plaintiff judgment for $2,980.00,[2] *1029 which was the reduced amount plaintiff had rendered defendant a statement for after realizing defendant would not be able to obtain the necessary loan because of insufficient capital for the required cash payment.
Defendant has appealed contending plaintiff did not prove his demand by a preponderance of the evidence and that the trial court erred in accepting plaintiff's testimony over that of defendant merely because it was more "logical."
Defendant alternatively argues that the evidence showed there was never a meeting of the minds as to payment for plaintiff's services, and therefore, plaintiff's only remedy would have been through the doctrine of quantum meruit. As plaintiff did not pray for recovery under this equitable doctrine defendant contends this remedy is not available. We do not find it necessary to consider this argument because of our views on the correctness of the trial court's finding on which the judgment appealed is based.
Defendant's principal argument is that the trial court found the testimony of the two parties equally credible and under these circumstances the court improperly resorted to logic in finding for plaintiff.
It is apparent that the trial court employed the term "more logical" in its process of deciding which testimony was most acceptable which is in effect synonymous with finding one party's testimony more credible than the other.
Where witnesses differ courts should reconcile, if possible, apparent contradictions, and if this cannot be done, probabilities or improbabilities of their respective statements must be considered in light of their capacity, opportunity, or incentive for observation, amount of corroboration, if any, and degree of proof required. Nelson v. Zurich Ins. Co., 247 La. 438, 172 So.2d 70 (1965); Treadway v. State Farm Ins. Co., 204 So.2d 609 (La.App. 4th Cir. 1967); Carrington v. New York Fire & Marine Underwriters, Inc., 198 So.2d 447 (La.App. 2d Cir. 1967), writ refused 250 La. 976, 200 So.2d 665.
A trier of fact is not required to accept the entire testimony of any one witness, but can properly consider those portions of all the testimony and reports which he considers most reasonable and logical. Taylor v. Board of Levee Com'rs of Tensas Basin Levee Dist., 332 So.2d 495 (La.App. 4th Cir. 1976). (Emphasis added)
Credibility of witnesses is particularly a matter as to which trier of fact has much discretion. Dupre v. South Central Bell Tel. Co., 318 So.2d 145 (La.App. 3d Cir. 1975).
Where there are witnesses of equal credibility in direct contradiction on a fact question, the positive or affirmative testimony will be given preponderance over that which is negative. Tom Slay, Inc. v. Continental Cas. Co., 321 So.2d 863 (La.App. 1st Cir. 1975), writ refused 324 So.2d 433 (1976).
We find no manifest error in the trial court's conclusion that plaintiff's testimony was more logical and acceptable in view of all the facts produced.
For the reasons assigned, the judgment appealed from is affirmed. Costs in these proceedings are to be paid by defendant-appellant.
NOTES
[1] This sum represents 80 percent of the standard 8 percent architect's fee on the lowests bid received of $61,807.03, plus 2 percent of the cost of the kitchen equipment to be used in the project amounting to $20,466.04.
[2] This sum plaintiff contends represents the costs expended by him for engineering fees and reimbursement for the time expended by himself and his staff without any margin for profit.