396 So.2d 464 (1981)
Warren STEIB and Emmanuel Falgoust
v.
SCHWEGMANN BROS. GIANT SUPERMARKETS, INC. and Kevin Moon.
No. 11697.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1981.
Beard, Blue, Schmitt, Mathes, Koch & Williams (Melvin W. Mathes and A. J. Schmitt, III), New Orleans, for defendants-appellants.
Lee, Martiny & Caracci (Mark N. Caracci), Metairie, for plaintiffs-appellees.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
KLIEBERT, Judge.
On January 7, 1978, two trucks collided on St. Louis Street in the City of New Orleans. One was a refrigerated truck owned by the defendant Schwegmann Brothers Giant Supermarkets, Inc. (hereinafter referred to as Schwegmann). The other was a panel body truck owned by Warren Steib, one of the plaintiffs. The accident occurred on St. Louis Street approximately twenty-five (25') feet south of its intersection with North Rocheblave Street in the City of New Orleans. St. Louis Street is an undivided, two-lane, two-way traffic roadway. The defendant, Kevin Moon, employed by Schwegmann, had just turned right from North Rocheblave Street onto St. Louis Street. The other plaintiff, Emmanuel Falgoust, was a guest passenger in the Steib vehicle. The accident was a "side-swipe" collision, the left side of each truck being damaged.
The trial court awarded damages of $3,670.00 to plaintiff, Warren Steib, and *465 $2,797.48 to plaintiff, Emmanuel Falgoust. The defendants, Kevin Moon and Schwegmann Brothers, appealed.
Appellants contend the trial court erred in finding the defendants negligent and in failing to find the plaintiffs contributorily negligent. Additionally, appellants contend the trial court awards were excessive.
Three fact witnesses testified at the trial. Warren Steib, plaintiff, testified the defendant's truck was traveling at approximately 25 miles per hour as it rounded the corner onto St. Louis Street and struck his vehicle. (In his earlier deposition, he stated it was traveling at 35 miles per hour). Steib claims that when he saw the defendant's truck approaching, he veered to his right behind a parked car to avoid being hit. Nevertheless, he was side-swiped by the defendant's truck. His testimony was corroborated by Emmanuel Falgoust, his guest passenger, as well as by the physical facts surrounding the accident.
Kevin Moon, the operator of the Schwegmann truck was not licensed to drive the truck. The particular truck involved in the accident had only been driven by him twice before the accident. According to his version of the accident, as he rounded the corner onto St. Louis Street, a car was partially blocking his lane of traffic causing him to swing wide around the parked vehicle. While returning to his proper lane of traffic, he contends plaintiff's truck pulled out in front of his truck. Later, Kevin Moon stated he did not see the plaintiff's vehicle before the collision. Still later, he testified he saw the truck three feet before the collision. At another and later time, he testified he saw the truck as he rounded the corner. Moon admitted plaintiff's vehicle was in the correct lane of traffic at the time of the accident. He further admitted his vehicle was protruding into the lane of traffic for the plaintiff's vehicle. The trial court accepted the plaintiff's version of the accident. So do we. Hence, we are not in a position to or desirous of disturbing the trial court's findings of negligence and absence of contributory negligence.
Credibility of witnesses is particularly a matter as to which the trier of fact has much discretion. Dupre v. South Central Bell Tel. Co., 318 So.2d 145 (La.App. 3d Cir. 1975); LeBlanc v. Cordaro, 378 So.2d 1027 (La.App. 2d Cir. 1979). A trial court's judgment in regard to credibility of witnesses will not be disturbed unless clearly erroneous. McMillan v. Travelers Insurance Company, 371 So.2d 1213 (La.App. 1st Cir. 1979), and cases cited therein.
Appellants also contend error by the trial court in the fixing of the damage award. Warren Steib was awarded judgment of $3,000.00 for general damages and $670.00 as special damage for medical expenses and property damages. Emmanuel Falgoust was awarded judgment of $2,500.00 for general damages and $297.48 as special damages for medical expenses. Appellants contend this is unreasonable and excessive.
The narrative medical report of Dr. David Aiken, the treating physician for both plaintiffs, was introduced into evidence in lieu of his testimony.
Dr. Aiken diagnosed Steib's injuries as an acute cervical dorsal sprain, mostly right-sided, and a contusion of the right elbow with a possible tear in the brachioradialis muscle or fascia. He also felt the injuries were caused by the accident of January 7, 1978. Dr. Aiken treated Steib from January 16, 1978 until his discharge on May 9, 1978. The medical narrative shows Steib received physiotherapy treatments until February 28, 1978, at which time the cervical sprain was reported as "greatly improved." After the March 21, 1978 visit to Dr. Aiken, he reported Steib's neck as well and not bothering him. He also reported his right elbow as much improved and "gives him practically no discomfort."
Warren Steib stated he received heat treatments twice a week for four months after the accident. The treatments gradually decreased the pain. Steib felt it was four months after the accident before he was in good health again.
*466 Dr. Aiken diagnosed Emmanuel Falgoust's injuries as an acute right cervical sprain and an acute right dorsolumbar back sprain. He attributed the injuries to the accident of January 7, 1978. Dr. Aiken prescribed physiotherapy, but, when the neck did not improve by February 14, 1978, he prescribed a cervical collar. Subsequent reports of March 3 and March 17, 1978 revealed the cervical collar lessened plaintiff's pain and permitted Dr. Aiken to discharge Falgoust on March 17, 1978.
Emmanuel Falgoust testified he received heat treatments three times a week for approximately ten weeks. At the time of the trial, he still had problems with his neck and back, but he was not then under any doctor's treatment.
Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977) established the standard for appellate review of awards for general damages when it stated, at 335:
"We do re-emphasize, however, that before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award. (Citations omitted) Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. (Citations omitted) It is never appropriate for a Court of Appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence."
The Supreme Court further refined the necessary inquiry in Reck v. Stevens, 373 So.2d 498 (La.1979), wherein it stated, at 501:
"Thus, the initial inquiry must always be directed at whether the trier court's award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact's much discretion," La.Civ.C. art. 1934(3) in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive ... or insufficient."
Given the foregoing, we cannot say that the trial judge abused his discretion in his awards.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.