KLIEBERT, Judge.
On May 21, 1979, Melvin Hills (hereafter Hills) filed suit against Ronald Pegg, the owner of a 1978 Toyota; Gary M. Stone, the operator of the 1978 Toyota, and their insurer, State Farm Insurance (hereafter State Farm) for personal injuries alleged to have been incurred in a motor vehicle collision which occurred on July 19, 1978. At the time of the collision, Hills was operating a 45 passenger bus owned by Louisiana Transit Company in a westerly direction on Veterans Boulevard. On reaching a point about thirty feet west of the intersection of Veterans Blvd. and Clearview Blvd., Hills brought his bus to a stop and, while stopped, was struck in the rear by the 1978 Toyota. Service of process was effected only upon State Farm who answered and appeared at the trial. The other defendants were not served.
Only Hill, the police officer who investigated the accident and the treating physician testified at the trial which was held on February 6, 1980. Following the trial, the trial judge dismissed the plaintiff’s suit with prejudice, stating in his reasons for judgment that the testimony of the plaintiff was sufficiently impeached in material matters to justify rejection of all of the plaintiff’s testimony.
The trial judge gave detailed reasons for his conclusions as follows:
“The plaintiff alleged that when the Toyota hit the bus, the bus was jarred forward approximately one (1) to two (2) feet, thereby causing him to be jarred back and forth in his seat. Asymptomatic immediately after the accident, the plaintiff allegedly began to experience pain in his lower back when he awakened the next day. Plaintiff testified he sought treatment from Dr. Henry Evans the day after the said accident. Dr. Evans diagnosed the plaintiff’s condition as a probable lumbar spine strain, recommended physical therapy treatments and prescribed muscle relaxants. On the second visit, the plaintiff complained his condition had gotten worse, at which time the said doctor prescribed a more potent medication and a back brace for greater back support. The plaintiff was seen at Dr. Evans’ office on some fourteen (14) other occasions for physical therapy treatments, said treatments ending near the end of September, 1978.
Dr. Evans testified that he had noted in his records that the original prescription had been refilled only once; and that his normal routine was to see the patient in his office before a refill was authorized, unless the patient was in dire need of quick pain medication. The plaintiff, on the other hand, testified that Dr. Evans *338 authorized a prescription refill some four (4) to five (5) times. Plaintiff was unable to produce any receipts for said prescriptions.
Plaintiff has also testified that the back brace prescribed by Dr. Evans for lumbar support was procured from the said doctor’s office. On the other hand, Dr. Evans testified that he merely prescribed said medical apparatus, but was not in the business of selling said supplies. The doctor testified that he had not authorized anyone in his office to sell such apparatus.”
We also note that although plaintiff contended he went to see Dr. Evans the day following the accident. According to the doctor’s notes and testimony, however, Hills did not visit Dr. Evans until two weeks after the accident. Further, we note from the plaintiff’s testimony that he had his foot on the brake when the Toyota struck the rear of the bus and moved the bus forward a foot or two. It is inconceivable to us that the Toyota would move the bus in the manner testified to by the plaintiff.
From a careful examination of the record, we note that the trial judge’s conclusions are fully supported by the testimony of the witnesses. The factual findings of the trial court are not to be disturbed on appeal unless they are manifestly in error. Canter v. Koehring, 283 So.2d 716 (La.1973). Moreover, the credibility of the witness is best judged by the trier of the facts and is particularly a matter as to which a trier of facts has much discretion. LeBlanc v. Cordaro, La.App., 378 So.2d 1027; Canter v. Koehring, supra.
Accordingly, the judgment of the trial court is affirmed; Appellant to pay all costs.

AFFIRMED.