571 So.2d 213 (1990)
Alice COLEMAN, Plaintiff-Appellant,
v.
UNITED STATES FIRE INSURANCE COMPANY and Samuel M. Thiels, Defendants-Appellees.
No. 89-646.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1990.
*214 Knoll, Roy & Spruill, Kerry Spruill, Marksville, for plaintiff-appellant.
Percy, Smith, Foote & Honeycutt, P.C., John Honeycutt, Alexandria, for defendants-appellees.
Before GUIDRY, FORET and KING, JJ.
KING, Judge.
This appeal presents for consideration the issue of whether the jury's verdict awarding plaintiff special damages and denying general damages was contrary to the law and evidence and whether the trial judge failed to properly instruct the jury.
Alice Coleman (hereinafter plaintiff) brought suit against Detective Samuel M. Thiels (hereinafter defendant) and the insurer of the Rapides Parish Sheriff's Department, United States Fire Insurance Company, as the result of an automobile accident. Plaintiff claimed that she sustained severe injuries in the automobile accident because of defendant's negligence.
After a trial on the merits, the jury rendered a verdict for plaintiff awarding special damages of $300.00 and rejected plaintiff's demand for general damages. The judgment of the jury was made the judgment of the trial court. A written judgment was signed on January 31, 1989.
On February 7, 1989, plaintiff timely filed a Motion For Judgment Notwithstanding the Verdict and/or Additur or in the Alternative a New Trial. This motion was denied by the trial court. Plaintiff timely appeals. Defendant answered the appeal seeking reversal of the award of special damages. We affirm the trial court judgment.

FACTS
On September 9, 1986, plaintiff was stopped at a red light at the intersection of Elliot Street and Bolton Avenue in Alexandria, Louisiana. Defendant, a detective with the Rapides Parish Sheriff's Department, came to a complete stop approximately six to seven feet behind plaintiff's vehicle, a 1983 Lincoln Town Car. While waiting for the light to change and while reading a computer print out sheet, defendant unconsciously let up on the brake pedal of his 1983 Pontiac and his vehicle slowly rolled forward. Defendant reapplied his brakes just as the front bumper of *215 his vehicle touched the rear bumper of plaintiff's vehicle. There was no damage to either vehicle.
Plaintiff complained of injuries after the accident and went to the hospital for treatment. Plaintiff was examined and given numerous tests to find the cause of her complaints of neck pain and headaches. The examination and tests revealed normal findings. Plaintiff continued to complain of headaches and neck pain and continued to see her doctor through October, 1988.
Plaintiff filed suit against defendant, and his employer's insurer, claiming his negligence was the cause of the damages she allegedly sustained as a result of the automobile accident. After a trial on the merits, the jury returned a verdict for plaintiff and awarded her $300.00 in special damages, but denied plaintiff's request for general damages. A judgment was signed on January 31, 1989. On February 7, 1989, plaintiff filed a Motion For Judgment Notwithstanding the Verdict and/or Additur or in the Alternative a New Trial. This motion was denied by the trial court.
Plaintiff timely appealed asserting two assignments of error:
(1) The jury's verdict of $300.00 in special damages and denial of general damages is contrary to the law and evidence presented at trial; and
(2) The trial judge erred in failing to instruct the jury that the impact of the collision was of no material importance.
The defendants answered the appeal seeking reversal of the trial court judgment awarding plaintiff any damages. We find no merit in either of the appeals and affirm the trial court's judgment.

LAW
Plaintiff contends in her first assignment of error that the jury's verdict of $300.00 in special damages and denial of general damages is contrary to the law and evidence presented.
The issue in this case is whether the evidence furnishes a reasonable factual basis for the finding by the jury that plaintiff was not injured in the automobile accident sued on. If the evidence provides that basis, then, unless such a factual finding is clearly wrong, the decision of the jury and trial court must be affirmed.
The function of this Court is not to reweigh the evidence or substitute its judgment for that of the jury. Rather, we must determine whether the conclusions of the jury are within the broad discretion accorded to the trier of fact, and such conclusions are not to be disturbed unless manifestly erroneous. Reck v. Stevens, 373 So.2d 498 (La.1979); Arceneaux v. Domingue, 365 So.2d 1330 (La.1979); on remand, 370 So.2d 1262 (La.App. 3 Cir.1979), writ den., 374 So.2d 660 (La.1979); Canter v. Koehring Company, 283 So.2d 716 (La. 1973). The trier of fact's judgment with regard to the credibility of witnesses will not be disturbed unless clearly erroneous. Brannon v. Shelter Mut. Ins. Co., 496 So.2d 1354 (La.App. 3 Cir.1986), writ granted, 500 So.2d 413 (La.1979), rev'd on other grounds, 507 So.2d 194 (La.1987), rehearing granted, 520 So.2d 984 (La.App. 3 Cir. 1987); Steib v. Schwegman Bros. Giant Supermarkets, 396 So.2d 464 (La.App. 4 Cir. 1981).
It is up to the trier of fact to evaluate the credibility of witnesses and make a determination as to the facts of a case. We will not disturb the jury's finding that plaintiff's claims of injuries were not credible since, after a close review of the entire record, we find that the evidence as a whole furnishes a reasonable basis for the jury's finding that plaintiff did not sustain any injuries as a result of the accident sued on. Such a factual finding cannot be considered clearly wrong or manifestly in error. The jury chose to believe the medical evidence which showed that plaintiff was not injured and that her complaints of neck pain and headaches were not credible. The jury could reasonably have found that, although plaintiff did not receive any injuries in the accident, she was entitled and justified in getting a medical checkup after the accident. Therefore, we find that the jury award of $300.00 in special damages and the denial of general damages to plaintiff were not contrary to the law and evidence presented at trial. See, Olivier v. Sears Roebuck & Co., 499 So.2d 1058 (La.App. 3 Cir.1986), writ den., 501 So.2d 198 (La. *216 1986); Cf. Williams v. Hardware Mutual Casualty Co., 205 So.2d 814 (La.App. 3 Cir.1967), writ den., 251 La. 1036, 208 So.2d 319 (1968). For this reason, we find plaintiff's first assignment of error is without merit and also reject defendants' appeal seeking to reverse the trial court judgment awarding plaintiff special damages.
The second issue raised by plaintiff is that the trial judge failed to properly instruct the jury that, if plaintiff sustained some injuries in the accident, the force of the impact of the collision was of no material importance.
Numerous cases have held that the minimal or minor nature of an automobile accident is a fact which may be considered by the jury. Delahoussaye v. State Farm Mutual Auto. Ins. Co., 520 So.2d 891 (La. App. 3 Cir.1987), writ den., 522 So.2d 561 (La.1987); Gilbert v. Waddell, 501 So.2d 330 (La.App. 4 Cir.1987), writ den., 505 So.2d 57, 58 (La.1987); Fisher v. Knight, 381 So.2d 968 (La.App. 4 Cir.1980). For this reason, we find that the trial judge did not err by failing to give plaintiff's requested jury instruction. Therefore, we find plaintiff's second assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is affirmed. Defendants' appeal seeking to reverse the trial court judgment is denied. All costs of this appeal are taxed to plaintiff-appellant.
AFFIRMED.