SOL GOTHARD, Judge.
Plaintiff, Suzanne Craven, appeals a Judgment Notwithstanding the Verdict, that confirmed the jury finding of no injury, but awarded damages for inconvenience. For reasons that follow, we reverse in part and affirm in part.
The facts in this matter are not disputed. A vehicle in which Suzanne Craven was a passenger was struck from the rear by a vehicle driven by defendant, Clara Carter, while stopped for a red light on Williams Boulevard in Kenner, Louisiana on May 5, 1998. Plaintiff filed this action against defendant, Clara Carter, and her insurance carrier, Allstate Insurance Company. The petition alleges damages for back injuries sustained in the accident. In a supplemental and amending petition, the damages prayed for were increased due to back surgery that plaintiff contends was necessary as a result of the accident.
At trial the jury heard evidence that shows the plaintiff sustained a back injury as a result of a 1982 automobile accident that resulted in surgery. There was medical evidence presented to show that plaintiff had chronic back problems until a second accident in 1995. After the 1995 accident, plaintiff complained of greater back pain, and maintained that she was disabled and in need of a second back surgery.
| ^Following the trial, the trial court granted a directed verdict on the issue of *379 liability, and the issues of injury and damages went to the jury for determination. The jury found the plaintiff suffered no injuries as a result of the accident, and a judgment was rendered reflecting that finding on October 23, 2001. Subsequently, plaintiff filed a Motion for Judgment Notwithstanding the Verdict (J.N.O.V.) that was granted by the trial court. In that judgment the trial judge awarded $1,500.00 in general damages and $245.00 in medical expenses. In explanation of the judgment, the court stated:
... I’m going to award fifteen hundred dollars to the Plaintiff, plus the initial medical visit after the accident, and that’s all. I think the Jury found that the injury was not caused by the accident; however, the person was perfectly entitled to go to the doctor, and there was an inconvenience factor of having to go to the doctor after the accident. But, I’m going to buy into what the Jury found, and that is this accident did not cause her problem.
In brief to this court plaintiff argues the trial court erred in failing to perform an independent assessment of Suzanne Craven’s damages in the grant of the J.N.O.V. Further, plaintiff argues the damages assessed were unreasonably low and that the court costs should not have been assessed to plaintiffs.
Plaintiffs argument is based on a misreading of the trial court’s ruling. The trial court did not find error in the jury’s finding that there was no causal link between the accident and the injury. The trial court was clear in its decision not to overturn the jury on that issue. The trial court’s verdict did not change any factual finding made by the jury. The trial court merely considered the evidence that this plaintiff had serious back injuries and problems before the accident, and found that the plaintiff was justified in seeing a doctor to ensure that no further damage was done. Since liability for the accident was decided, the court was justified in finding that defendant should be responsible for that medical expense.
Such a ruling is not without precedent. In Coleman v. U.S. Fire Ins. Co., 571 So.2d 213 (La.App. 3 Cir.1990), the appellate court affirmed a jury finding Rthat, while the plaintiff sustained no injuries, she was justified in going to the hospital for an examination following the accident. See also, Olivier v. Sears Roebuck & Co., 499 So.2d 1058 (La.App. 3 Cir.1986); writ denied, 501 So.2d 198 (La.1986).
Plaintiff also asserts the trial court erred in ordering each party to bear their own costs. LSA-C.C.P. art.1920 provides that:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
This article sets guidelines for the assessment of costs, while providing the trial court with some discretion. In support of this position, plaintiff cites Penton v. Schuster, 98-1068 (La.App. 5 Cir. 3/30/99), 732 So.2d 597 in which this court explained:
The prevailing party is not taxed with costs unless in some way he incurred additional costs pointlessly or engaged in other conduct which justified an assessment of costs against that litigant. That rule denies to a trial judge the power either to refuse to award his or her own costs to a prevailing party or to assess another party’s costs against a prevailing party unless some circumstances present in the case justify doing *380 so. On review, a trial judge’s assessment of court costs can be reversed by this court only on a showing of abuse of discretion, (citations omitted)
732 So.2d at 602, 603.
Using that standard, we find that the trial court erred in taxing costs to both parties. Although the judgment of the trial court did not grant all the relief that plaintiff prayed for in her petition, the defendant was cast in judgment for liability and for damages. Further, the prevailing party did nothing to “incur additional costs pointlessly or engaged in other conduct which justified an assessment of costs against that litigant.”
1 ¡¡Accordingly, that portion of the judgment which taxes costs to the plaintiff, is reversed and all costs are assessed against defendant, including costs of this appeal. In all other respects, the verdict of the trial court is affirmed.

REVERSED IN PART; AFFIRMED IN PART.