NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 23-335 consolidated with CA 23-336

ANTHONY J. FRANCIS

VERSUS

OCCIDENTAL FIRE AND CASUALTY CO. OF NORTH CAROLINA, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 108106-J C/W 108702-A
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

GUY E. BRADBERRY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Guy E. Bradberry, Judges.

AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.

**Lawrence J. Centola, Jr.**
**Blake Jones Law Firm**
**701 Poydras Street, Suite 4100**
**New Orleans, LA 70139**
**(504) 525-4361**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Anthony J. Francis**

**Aub A. Ward**
**Gordon McKernan**
**5656 Hilton Avenue**
**Baton Rouge, LA 70808**
**(225) 490-6393**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Gary Hoffpauir**

**C. Shannon Hardy**
**John W. Perry, Jr.**
**Penny & Hardy**
**600 Jefferson Street, Suite 601**
**P.O. Box 2187**
**Lafayette, LA 70502**
**(337) 231-1955**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Anthony J. Francis**

**Brendan P. Doherty**
**Emily E. Eagan**
**Stephen W. Gieger**
**Gieger, Laborde & Laperouse, L.L.C.**
**701 Poydras, Suite 4800**
**New Orleans, LA 70139**
**(504) 561-0400**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Wilshire Insurance Company**
**Michael P. Thomas d/b/a Michael Thomas Trucking**
**Michael P. Thomas**

**Victor R. A. Ashy**
**Thomas M. Daigle**
**711 Johnston Street**
**Lafayette, LA 70501**
**(337) 234-4049**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Anthony J. Francis**

**BRADBERRY, Judge.**

In this matter, Anthony Francis appeals the jury verdict below failing to grant him general and future medical damages resulting from a motor vehicle accident he suffered involving an eighteen-wheeler driven by defendant Michael Thomas, as well as the allocation of fault between the drivers of the vehicles involved. For the following reasons, we hereby affirm the judgment, in part; reverse, in part; and render.

On October 19, 2019, Mr. Francis was a passenger in a truck driven by Gary Hoffpauir, while on their way to work. Mr. Thomas was backing his eighteen-wheeler, slowly but blindly, out of a rice mill toward the street Mr. Hoffpauir was traversing when the trailer made contact with the rear half of the Hoffpauir vehicle, pushing the smaller truck into an adjacent parking lot. As a result of the collision, Mr. Francis alleges he suffered injuries to his back and neck and filed the current suit.

After a trial on the matter, a jury affirmatively found that Mr. Francis "suffered injuries and damages that were caused by the October 19, 2019 motor vehicle accident." The jury awarded him $35,422.79 in medical damages for treatment for those injuries, but awarded no general damages whatsoever for past or future physical pain and suffering. Moreover, after hearing competing testimony from expert doctors on the matter, the jury found that Mr. Francis did not prove he was entitled to future medical damages to pay for a spinal fusion surgery. Finally, the jury allocated Mr. Hoffpauir with 80% of the liability for the accident, allocating a mere 20% to Mr. Thomas. From that decision, Mr. Francis appeals.

On appeal, Mr. Francis asserts three assignments of error. He claims that the jury abused its discretion in failing to award general damages where it found he

sustained an injury and where it awarded past incurred medical expenses; that the jury erred in failing to award him damages for future spinal surgery; and that the jury erred in assessing the majority of fault for the accident to Mr. Hoffpauir. We will address his assignments of error out of order for the sake of clarity, beginning with his second assignment of error.

*Future Medicals*

A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989). To reverse a fact finder's determinations, an appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and the appellate court must further determine that the record establishes that the finding is clearly wrong or manifestly erroneous. *Stobart v. State, Dep't of Transp. and Dev.*, 617 So.2d 880 (La.1993). *See also Mart v. Hill*, 505 So.2d 1120 (La.1987). The issue to be resolved by a reviewing court is not whether the trier-of-fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. *Id.* "Where factual findings are based on determinations regarding the credibility of witnesses, the trier of fact's findings demand great deference[.]" *Boudreaux v. Jeff*, 03-1932, p. 9 (La.App. 1 Cir. 9/17/04), 884 So.2d 665, 671 (citing *Secret Cove, L.L.C. v. Thomas*, 02-2498 (La.App. 1 Cir. 11/7/03), 862 So.2d 1010, *writ denied*, 04-447 (La. 4/2/04), 869 So.2d 889). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. *Rosell*, 549 So.2d 840.

Particularly relevant here, a fact finder's credibility determination regarding expert testimony is a factual question to which an appellate court applies the manifest error/clearly wrong standard of review. *McCarter v. Lawton*, 09-1508 (La.App. 4 Cir. 7/21/10), 44 So.3d 342. Oftentimes, "[e]xpert witnesses . . . disagree" and if "such a disagreement occurs, the [fact finder]'s determination is given a great deal of deference." *Id.* at 347 (quoting *Serigne v. Ivker*, 00-758, pp. 5–6, 808 So.2d 783, 787–88). Thus, "[w]hen a factfinder chooses between or among competing opinions of expert witnesses, we almost never find manifest error in that choice." *Id.* Moreover, much discretion is left to the trial court for the reasonable assessment of whether future medical expenses are necessary and inevitable. *See Dugas v. Derouen*, 01-1397 (La.App. 3 Cir. 7/3/02), 824 So.2d 475, *writ denied*, 02-2131 (La. 11/15/02), 829 So.2d 426.

Here, the jury heard competing expert testimony from Mr. Francis's doctor, Dr. Louis Blanda, and that of Mr. Thomas's expert, Dr. Chambliss Harrod. While Dr. Blanda testified that Mr. Francis would require surgery to fuse multiple vertebrae to alleviate his back pain, Dr. Harrod testified that such a surgery was contraindicated for Mr. Francis. Dr. Harrod testified that he found evidence of prior injuries to Mr. Francis's back, as well as underlying degenerative changes typical of a man of Mr. Francis's age that preexisted the accident. Further, he found no evidence of radiculopathy or nerve displacement that correlated with Mr. Francis's objective complaints. He found no evidence of instability, malalignment, or scoliosis, which he testified would be required for the multi-level fusion Dr. Blanda sought to perform. To the contrary, Dr. Harrod testified that Mr. Francis's films showed inherently stable, non-mobile results. Dr. Harrod felt that the exact pain generator had not been adequately located, as indicated by the mere 30% pain relief

3

from the injections Mr. Francis had been given, and that surgery without knowing the precise location of the pain source was unwise. He felt Mr. Francis would not be a candidate for a single level fusion, let alone the multi-level surgery sought, and that the risks for any surgery outweighed the potential benefit.

We find the jury's reasoning on future medical care has a reasonable factual basis and is supported by the record. Therefore, that finding cannot be manifestly erroneous. Accordingly, we will not overturn the jury's denial of the requested spinal fusion.

*General Damages*

We next move onto Mr. Francis's claims regarding the jury's failure to award him general damages. The Louisiana Supreme Court articulated the standard of review for general damage awards in *Duncan v. Kansas City Southern Railway Co.*, 00-66, pp.13–14 (La. 10/30/00), 773 So.2d 670, 682–83, *cert. denied*, 532 U.S. 992, 121 S.Ct. 1651, (2001), as follows:

> General damages are those which may not be fixed with pecuniary exactitude; instead, they "involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or life-style which cannot be definitely measured in monetary terms." *Keeth v. Dept. of Pub. Safety & Transp.*, 618 So.2d 1154, 1160 (La.App. 2 Cir.1993). Vast discretion is accorded the trier of fact in fixing general damage awards. La. Civ.Code art. 2324.1; *Hollenbeck v. Oceaneering Int., Inc.*, 96–0377, p. 13 (La.App. 1 Cir. 11/8/96); 685 So.2d 163, 172. This vast discretion is such that an appellate court should rarely disturb an award of general damages. *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Thus, the role of the appellate court in reviewing general damage awards is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. *Youn*, 623 So.2d at 1260. As we explained in *Youn*:
>
> > Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the

4

> particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or decrease the award.

*Id.* at 1261.

> The initial inquiry, in reviewing an award of general damages, is whether the trier of fact abused its discretion in assessing the amount of damages. *Cone v. National Emergency Serv. Inc.*, 99–0934 (La.10/29/99), 747 So.2d 1085, 1089; *Reck v. Stevens*, 373 So.2d 498 (La.1979). Only after a determination that the trier of fact has abused its "much discretion" is a resort to prior awards appropriate and then only for the purpose of determining the highest or lowest point which is reasonably within that discretion. *Coco v. Winston Indus., Inc.*, 341 So.2d 332 (La.1976).

Here, the jury's answers to the jury interrogatories clearly reflect that they believed Mr. Francis was injured as a result of the October 19, 2019 motor vehicle accident. That finding is unchallenged by Mr. Thomas and is supported by the record. Additionally, in order for the jury to have awarded the $35,422.79 in medical expenses sought by Mr. Francis, it follows that the jury clearly found that the medical expenses awarded were medically necessary for the treatment of those injuries Mr. Francis suffered in the motor vehicle accident, as a matter of fact. Therefore, Mr. Francis contends that, since the jury found he had sustained physical injury and awarded him medical expenses, it was clear error to also fail to award general damages for the pain and suffering associated with those injuries. Mr. Thomas counters that under *Wainwright v. Fontenot*, 00-492, p. 8 (La. 10/17/00), 774 So.2d 70, 76, "a jury . . . can reasonably reach the conclusion that a plaintiff has proven his entitlement to recovery of certain medical costs, yet failed to prove that he endured compensable pain and suffering as the result of defendant's fault." Under the facts of this particular case, we disagree with Mr. Thomas and agree with Mr. Francis.

When a jury awards special damages but declines to award general damages, a reviewing court must first determine if the jury's finding "is so inconsistent as to

5

constitute an abuse of discretion." *Wainwright*, 774 So.2d at 76. If so, the reviewing court can perform a de novo review of the record. *Id.* As noted by the supreme court in *Green v. K-Mart Corp.*, 03-2495, pp.7–8 (La. 5/25/04), 874 So.2d 838, 844 (bold emphasis ours):

> In *Wainwright*, the jury awarded special damages for medical expenses of a hospital stay but did not award general damages. This Court held the jury could have reasonably concluded that it was a reasonable **precaution** for prudent parents to place their minor son in the hospital for **observation** after finding out that the defendant pharmacy had erroneously filled their son's prescription resulting in his ingestion of four times the medication prescribed for him. This Court found no abuse of the jury's discretion in its award of medical expenses but failure to award general damages. *Wainwright*, 00–0492 p. 10, 774 So.2d at 77. Similarly, in *Coleman v. U.S. Fire Ins.* Co., 571 So.2d 213 (La.App. 3 Cir.1990) and *Olivier v. Sears Roebuck & Co.*, 499 So.2d 1058 (La.App. 3 Cir.1986), *writ denied*, 501 So.2d 198 (La.1986), the appellate court found that the juries in those cases could reasonably have found that, although the **plaintiffs did not receive any injuries** in the accidents at issue, they were entitled and justified in getting a medical checkup after the accidents. See *Coleman*, 571 So.2d at 215 and *Olivier*, 499 So.2d at 1063. Therefore, in those cases in which reviewing courts have examined "inconsistent" jury awards where special damages for medical expenses, but not general damages, were awarded, the courts have determined that no abuse of jury discretion occurred where the medical expenses were incurred only to determine whether injuries were, in fact, sustained.

Here, as in *Green*, 874 So.2d 838, the medical expenses incurred were a result of *actual corrective treatment for injuries* found by the jury to have occurred, rather than diagnostic, observational, or precautionary treatments, as in *Wainwright,* 774 So.2d 70, where no injuries were ultimately found by the trier of fact. Therefore, we find *Green* more applicable to this matter.

There, the supreme court held that the jury had abused its discretion in failing to award general damages for injuries suffered while awarding a substantial amount for medical expenses. *Green*, 874 So.2d 838. As there, the jury here affirmatively determined that Mr. Francis sustained injuries that were causally related to the

6

accident, and which required corrective medical attention. The jury found treatment for those injuries led to medical expenses upwards of $35,000.00 over multiple years of treatment. We find, based on the record before us, that to award such a large amount in damages for medical treatment without an accompanying award for the physical pain and suffering inherent to require said treatment is so patently inconsistent as to constitute an abuse of discretion. Accordingly, we must reverse the jury's zero general damage award.

Having determined that the jury has abused its discretion, we now must resort to reviewing appropriate prior awards for the purpose of determining the lowest point which is reasonably within that discretion. *Coco v. Winston Indus., Inc.*, 341 So.2d 332 (La.1977).

Mr. Francis testified that he has been unable to work since the accident (though he testified he is not on any kind of disability) and rated his back pain as a 7/10 throughout most of his treatment, which was over two years as of trial. Though he had prior injuries and degenerative conditions which were likely causes of pain, those were likely exacerbated by the accident, according even to Dr. Harrod. Given the nature of Mr. Francis's injuries from the accident and the length of time that he was treated, we find *Stelly v. Zurich American Insurance Co.*, 11-1144 (La.App. 3 Cir. 2/1/12), 83 So.3d 1225, to be in line with this case. There, our court found an award of $20,000.00 for two years of conservative treatment for a soft tissue back injury was abusively low and raised the award to $43,000.00. As in that case, Mr. Francis failed to prove he required surgery for his injuries, and he treated conservatively for roughly two years. Therefore, we find an award of $45,000.00 is in line with both *Stelly* and the $35,000.00 in medical damages Mr. Francis was awarded by the jury, and is the lowest amount the trial court could have reasonably

7

awarded for general damages. Accordingly, we render judgement in favor or Mr. Francis awarding $45,000.00 in general damages for pain and suffering.

*Assessment of fault*

Finally, Mr. Francis claims that the jury erred in assessing Mr. Thomas with only 20% fault for the accident, while the driver of the vehicle he was a passenger in was assessed 80% fault. We agree.

Allocation of fault is a factual determination subject to the manifest error rule. *Theriot v. Lasseigne*, 93-2661 (La. 7/5/94), 640 So.2d 1305. When findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trial court's findings. *Robinson v. Bd. of Supervisors*, 16-2145 (La. 6/29/17), 225 So.3d 424. However, where documents or other objective evidence so contradict a witness's story, or the story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit the witness's story, then the court of appeal may find manifest error even in a finding based on credibility. *Fuller v. Bissell*, 51,759 (La.App. 2 Cir. 1/10/18), 245 So.3d 1169.

"Backing an automobile is considered a dangerous maneuver[.]" *Rodrigue v. Firestone Tire & Rubber Co.*, 540 So.2d 477, 479 (La.App. 1 Cir.), *writs denied*, 546 So.2d 179, 180 (La.1989). "A high degree of care is generally imposed upon backing motorists to ensure that the maneuver can be safely accomplished." *Harrison v. Richardson*, 35,512, p. 7 (La.App. 2 Cir. 1/23/02), 806 So.2d 954, 958. "The limitation of driver visibility while backing an automobile is a reason for the increased standard of care." *Rodrigue*, 540 So.2d at 479. "The driver of a vehicle shall not back the same unless such movement can be made with reasonable safety and without interfering with other traffic." La.R.S. 32:281(A). Additionally,

8

jurisprudence sets forth that a professional truck driver is held to a high standard of care to the motoring public. *Davis v. Witt*, 02-3102, 02-3110 (La. 7/2/03), 851 So.2d 1119; *Theriot v. Bergeron*, 05-1225 (La.App. 1 Cir. 6/21/06), 939 So.2d 379.

Here, the jury seemingly gave credence to the trial testimony of Mr. Thomas, wherein he stated for the very first time that he was stopped in the roadway for some fifteen seconds prior to the time of the collision. However, that testimony is directly contradicted by Mr. Thomas's own statement given at the scene of the accident, wherein he plainly states he was "attempting to back across the street into the truck parking lot" when he "came into contact" with Mr. Hoffpauir's vehicle. Mr. Thomas repeated his claim he was backing multiple times in discovery, only to retract that at trial for the first and only time. However, that assertion is not only clearly inconsistent with his admissions at the scene, but implausible in the face of the other evidence in the record.

All competent evidence in the record shows that Mr. Thomas was backing his truck from a blind position at the time of the accident. Mr. Thomas himself stated multiple times in his testimony that he never saw Mr. Hoffpauir's truck prior to the collision, that he could not because his view was blocked by the rice mill buildings. He stated he could see "none" of the street when he began backing. He agreed that as the driver of a commercial truck, he had a heightened degree of responsibility while driving due to the size of his vehicle. He stated multiple times at trial that his plan for leaving the mill, despite this blocked view, was to turn on his flashers and back up slowly, *i.e.* disregarding the drivers who may be on the road and blindly hoping for the best. That plan clearly did not work.

Ironically, Mr. Thomas claims in brief that Mr. Hoffpauir provided inconsistent statements which were evaluated poorly by the jury. This assertion is

deeply incredible after a review of the record, which shows that the only evidence whatsoever from Mr. Hoffpauir was one single written statement which was admitted without objection by Mr. Thomas. Therein, Mr. Hoffpauir unequivocally states that he was driving in the road "when an 18 wheeler backing up at the corner of Maude and Jefferson backed into the driver side of [his] truck, pushing [him] into the parking lot adjacent to the mill." There is no conflicting evidence from, or concerning, Mr. Hoffpauir in the record at all, and his statement matches what Mr. Thomas admitted at the scene of the accident.

Likewise, Mr. Francis's testimony was clear and consistent that the Hoffpauir vehicle was driving legally in the road when Mr. Thomas backed into it. Again, there is no inconsistency in that testimony, which is clearly supported by the photographic evidence admitted at trial.

The most damning evidence is photographs which were taken by Mr. Thomas himself, which show the Hoffpauir vehicle partially in the roadway and partially in the parking lot, exactly as described by Mr. Hoffpauir. The rear passenger side of Mr. Thomas's trailer is embedded into the rear half of the driver's side of the Hoffpauir vehicle, clearly indicating that Mr. Thomas was backing up when the vehicles made contact. The objective evidence in the record before this court directly contradicts Mr. Thomas's new claim, first asserted at trial. Moreover, that story itself is so internally inconsistent with his prior statements and implausible on its face that a reasonable fact finder would not credit it. All remaining evidence indicates he was actively backing up when the collision occurred. Therefore, we find it was manifestly erroneous for the jury to find Mr. Hoffpauir 80% at fault for the accident.

After making a determination that the trier of fact's apportionment of fault is clearly wrong, an appellate court can disturb an award, but then only to the extent of lowering it or raising it to the highest or lowest point respectively which is reasonably within the trial court's discretion. *Clement v. Frey*, 95-1119, 95-1163 (La. 1/16/96), 666 So.2d 607. While we find the record evidence show's the jury's finding to be clearly erroneous, we will defer somewhat to the fact that the jury found Mr. Hoffpauir to be at least partially at fault for the accident, especially considering the uncontradicted testimony that Mr. Thomas was moving slowly enough that the jury clearly felt the truck could and should have been seen backing and evasive maneuvers seemingly performed. Accordingly, we find that the record supports a finding that Mr. Thomas was 80% at fault for the accident and Mr. Hoffpauir 20% at fault. We hereby amend the judgment to reflect that allocation.

For the above reasons, the findings of the trial court are hereby reversed in part and affirmed in part as amended. We reverse the jury's finding that Mr. Francis was entitled to zero general damages for the injuries he sustained. We render judgment in favor of Mr. Francis in the sum of $45,000.00 in general damages. Furthermore, we reverse the jury's finding assessing Mr. Hoffpauir with 80% fault and find the defendant, Mr. Thomas, bears 80% of the fault for the accident and Mr. Hoffpauir 20%. The jury's denial of future medical damages is affirmed. Costs of this appeal are hereby assessed against Mr. Thomas.

**AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

11